# EXHIBIT 3

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
C.A. NO. 15-03139-D

SOUTHCOAST HOSPITALS GROUP, INC.,

Plaintiff,

v.

THE MASSACHUSETTS DEPARTMENT OF
PUBLIC HEALTH, MONICA BHAREL, M.D., in
her official capacity as Commissioner of the
Department of Public Health, STEWARD ST.
ANNE'S HOSPTIAL CORPORATION, and
STEWARD HEALTH CARE SYSTEM, L.L.C.,

Defendant.

## STATE DEFENDANTS' ANSWER
## TO PLAINTIFF'S COMPLAINT

The Massachusetts Department of Public Health (the "Department") and its

Commissioner, Monica Bharel, M.D., in her official capacity (together, the "State Defendants"),

hereby answer and respond to the Verified Complaint for Declaratory and Injunctive Relief (the

"Complaint"), filed by the plaintiff, Southcoast Hospitals Group, Inc. ("Southcoast"), as follows:

1.       Paragraph 1 of the Complaint summarizes the relief sought by Southcoast in its

Complaint and, as such, requires no responsive pleading.

2.       Paragraph 2 of the Complaint purports to summarize the content of a circular

promulgated by the Department in 2008 (the "2008 Circular"). The State Defendants admit that

the Department promulgated the 2008 Circular. To the extent that Paragraph 2 of the Complaint

purports to describe the content or effect of the 2008 Circular, the 2008 Circular is a writing that speaks for itself.

3.     Paragraph 3 of the Complaint purports to summarize the content of a circular promulgated by the Department in 2014 (the "2014 Circular"). The State Defendants admit that the Department promulgated the 2014 Circular. To the extent that Paragraph 3 of the Complaint purports to describe the content or effect of the 2014 Circular, the 2014 Circular is a writing that speaks for itself.

4.     The State Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5.     The State Defendants admit that Steward Health Care ("Steward") has sought authorization from the Department to open a cardiac catheterization service at St. Anne's Hospital in Fall River. To the extent that Paragraph 5 of the Complaint characterizes this application as a request to "transfer" a service from one hospital to another, this allegation states a conclusion of law as to which no responsive pleading is required.

6.     The State Defendants deny the factual allegation contained in the first sentence of Paragraph 6 of the Complaint. Answering further, the State Defendants note that the Department has been asked by Steward to inspect its cardiac catheterization service located at St. Anne's Hospital in Fall River as a necessary step in that facility's approval process. The Department expresses no view as to what the outcome of that inspection will be, once it occurs. Answering further, the State Defendants note that the Department has represented to Southcoast that it will not undertake the inspection of the St. Anne's facility until such time as this Court rules on Southcoast's pending motion for a preliminary injunction, and, in the event that the Court denies that motion, until at least seven days thereafter, to permit Southcoast an opportunity to seek a

2

stay of such ruling pending appellate review. Answering further, the State Defendants admit the factual allegations pertaining to the location of St. Anne's Hospital, its proximity to other facilities, and all factual allegations in the second and third sentences of Paragraph 6 of the Complaint.

7.     Paragraph 7 of the Complaint summarizes the legal theories underlying Southcoast's requests for relief in its Complaint. As such, Paragraph 7 states conclusions of law, as to which no responsive pleading is required.

8.     Paragraph 8 of the Complaint states conclusions of law, as to which no responsive pleading is required. Answering further, to the extent that Paragraph 8 summarizes the relief sought in the Complaint, no responsive pleading is required.

## PARTIES

9.     The State Defendants admit the factual allegations contained in Paragraph 9 of the Complaint.

10.     The State Defendants admit the factual allegations contained in Paragraph 10 of the Complaint.

11.     The State Defendants admit the factual allegations contained in Paragraph 11 of the Complaint.

12.     The State Defendants admit the factual allegations contained in Paragraph 12 of the Complaint.

13.     The State Defendants admit the factual allegations contained in Paragraph 13 of the Complaint.

## JURISDICTION AND VENUE

3

14.     Paragraph 14 of the Complaint states a conclusion of law, as to which no responsive pleading is required.

15.     Paragraph 15 of the Complaint states a conclusion of law, as to which no responsive pleading is required.

## FACTS

16.     The State Defendants admit the factual allegations contained in Paragraph 16 of the Complaint.

17.     The State Defendants admit the factual allegations contained in Paragraph 17 of the Complaint.

18.     Paragraph 18 of the Complaint purports to summarize the content of G.L. c. 111, § 51. That statute is a writing that speaks for itself.

19.     Paragraph 19 of the Complaint purports to summarize the content of 105 C.M.R. 130.000, et seq. Those regulations are writings that speak for themselves.

20.     Paragraph 20 of the Complaint purports to summarize the content of various regulations codified at 105 C.M.R. 130.000, et seq. Those regulations are writings that speak for themselves.

21.     Paragraph 21 of the Complaint purports to summarize the content of the above-referenced regulations. Those regulations are writings that speak for themselves. Answering further, to the extent that Paragraph 21 of the Complaint purports to interpret the practical effect of those regulations, Paragraph 21 states a legal conclusion, as to which no responsive pleading is required.

22.     Paragraph 22 of the Complaint purports to summarize the content of G.L. c. 111, § 25C. That statute is a writing that speaks for itself.

4

23. Paragraph 23 of the Complaint purports to quote language from the Department's website. That website contains language that speaks for itself.

24. Paragraph 24 of the Complaint purports to summarize the content of 105 C.M.R. 100.001, et seq. Those regulations are writings that speak for themselves.

25. Paragraph 25 of the Complaint states a legal conclusion, as to which no responsive pleading is required. Answering further, to the extent that Paragraph 25 of the Complaint purports to summarize the content or effect of 105 C.M.R. 130.900 and 105 C.M.R. 130.915(A), those regulations are writings that speak for themselves. Answering further, the State Defendants admit that a hospital requires prior approval from the Department as one prerequisite for offering cardiac catheterization services.

26. Paragraph 26 of the Complaint purports to summarize the legislative and administrative intent underlying various statutory and regulatory schemes. As such, it states a conclusion of law, as to which no responsive pleading is required.

27. The State Defendants admit that the Department promulgated the 2008 Circular, and that it received input from the organizations listed in Paragraph 27, among others, before doing so. Answering further, to the extent that Paragraph 27 purports to quote from a portion of the 2008 Circular, that circular is a writing that speaks for itself. Answering further, the State Defendants admit that Exhibit 1 to the Complaint appears to be a true and accurate copy of the 2008 Circular.

28. To the extent that the first sentence of Paragraph 28 of the Complaint states a factual allegation (i.e., that promoting quality of cardiac catheterization services by limiting the number of competing facilities licensed to perform them was the sole or principal rationale underlying the 2008 Circular, the State Defendants deny that allegation. Answering further, the

State Defendants admit that the Department sets minimum volume requirements for facilities licensed to perform cardiac catheterization services. Answering further, to the extent that Paragraph 28 of the Complaint purports to summarize the content or effect of 105 C.M.R. 130.935(A) and (B), those regulations are writings that speak for themselves.

29.     Paragraph 29 states a conclusion of law, as to which no responsive pleading is required.

30.     The State Defendants admit the factual allegations contained in Paragraph 30 of the Complaint.

31.     To the extent that Paragraph 31 of the Complaint contains factual allegations, the State Defendants admit those allegations. Answering further, to the extent that Paragraph 31 of the Complaint purports to summarize the content of St. Anne's Request for a Significant Change Amendment, that request is a writing that speaks for itself. Answering further, the State Defendants admit that Exhibit 3 to the Complaint appears to be a true and accurate copy of St. Anne's Request for a Significant Change Amendment.

32.     The State Defendants admit the factual allegations contained in Paragraph 32 of the Complaint.

33.     To the extent that Paragraph 33 of the Complaint purports to quote from, or otherwise summarize, the content of the October, 2013 letter to St. Anne's by DoN Director Bernard Plovnik, that letter is a writing that speaks for itself. Answering further, the State Defendants admit that Exhibit 4 to the Complaint appears to be a true and accurate copy of that letter.

34.     The State Defendants are without sufficient knowledge to admit or deny the factual allegation contained in Paragraph 34 of the Complaint, on the ground that the Complaint does not cite a source for the statistic that it ascribes to the Department.

35.     The State Defendants are without sufficient knowledge to admit or deny the factual allegations contained in Paragraph 35 of the Complaint. Answering further, the State Defendants admit that former Secretary Polanowicz was employed by Steward both prior to and after the time he served as Secretary of the Executive Office of Health and Human Services.

36.     Paragraph 36 of the Complaint purports to summarize the content of an email from Secretary Polanowicz to the then-Commissioner of the Department. That email is a writing that speaks for itself. Answering further, the State Defendants admit that Exhibit 5 to the Complaint appears to be a true and accurate copy of that email.

37.     To the extent that Paragraph 37 of the Complaint purports to summarize the content of a March 19, 2014 email, that email is a writing that speaks for itself. Answering further, the State Defendants admit that Exhibit 6 to the Complaint appears to be a true and accurate copy of the referenced email. Answering further, to the extent that Paragraph 37, in purporting to divine the Department's motive for promulgating the 2014 Circular, states an allegation of fact, the State Defendants deny that allegation.

38.     Paragraph 38 of the Complaint purports to summarize a series of emails sent in May and June of 2014, among various state officials. Those emails are writings that speak for themselves. Answering further, the State Defendants admit that Exhibits 7 through 11 to the Complaint appear to be true and accurate copies of the referenced emails.

39.     The State Defendants admit that the Department promulgated the 2014 Circular in July 2014. Answering further, the State Defendants admit that Exhibit 12 to the Complaint appears to be a true and accurate copy of the 2014 Circular.

40.     The State Defendants admit the factual allegations contained in Paragraph 40 of the Complaint.

41.     Paragraph 41 of the Complaint states a conclusion of law, as to which no responsive pleading is required.

42.     Paragraph 42 of the Complaint purports to quote from the entirety of the 2014 Circular. That Circular is a writing that speaks for itself. Answering further, to the extent that the final sentence of Paragraph 42 purports to analyze the legal significance of the 2014 Circular, that sentence states a conclusion of law, as to which no responsive pleading is required.

43.     Paragraph 43 of the Complaint states multiple conclusions of law, as to which no responsive pleading is required.

44.     The State Defendants admit the factual allegations contained in the first sentence of Paragraph 44 of the Complaint. The second sentence of Paragraph 44 purports to divine the "specific intention" of the Department in promulgating the 2014 Circular, by referring to a document entitled "Questions" regarding a draft of what ultimately became the 2014 Circular. That document, attached as Exhibit 6 to the Complaint, is a writing that speaks for itself. Answering further, to the extent that the second sentence of Paragraph 44 states factual allegations, the State Defendants deny those allegations.

45.     Paragraph 45 of the Complaint purports to summarize the content of Steward's Notice of Intent. That Notice, attached to the Complaint as Exhibit 13, is a writing that speaks

8

for itself. Answering further, the State Defendants admit that Steward filed its Notice of Intent in August, 2014.

46.     Paragraph 46 of the Complaint purports to summarize the content of a response letter filed by Southcoast in 2014, which is attached to the Complaint as Exhibit 14. That letter is a writing that speaks for itself. Answering further, the State Defendants admit that Exhibit 14 appears to be a true and accurate copy of the referenced letter. Answering further, to the extent that Paragraph 46 of the Complaint purports to incorporate the legal positions asserted by Southcoast in its letter, Paragraph 46 states legal conclusions as to which no responsive pleading is required.

47.     The State Defendants admit the factual allegations contained in Paragraph 47 of the Complaint.

48.     The State Defendants admit that they are unaware of any other hospital having filed a Notice of Intent to Transfer pursuant to the 2014 Circular.

49.     The State Defendants admit the factual allegation contained in Paragraph 49 of the Complaint.

50.     Paragraph 50 of the Complaint purports to summarize legal arguments made by Southcoast at the December 10, 2014 meeting of the Public Health Council. A transcript of that meeting is attached to the Complaint as Exhibit 15. That transcript is a writing that speaks for itself. Answering further, to the extent that Paragraph 50 of the Complaint incorporates by reference the legal arguments made by Southcoast in the transcript of that meeting, these legal arguments require no responsive pleading.

51.     Paragraph 51 of the Complaint purports to summarize various statements made and questions asked at the December 10, 2014 meeting of the Public Health Council. A

9

transcript of that meeting is attached to the Complaint as Exhibit 15; the transcript is a writing that speaks for itself.

52.     Paragraph 52 of the Complaint purports to summarize the content of a September 7, 2011, Statement of the Attorney General. That Statement is attached to the Complaint as Exhibit 16. The Statement is a writing that speaks for itself. Answering further, the State Defendants admit that Exhibit 16 appears to be a true and accurate copy of that Statement.

53.     The State Defendants are without sufficient knowledge to admit or deny the allegation in Paragraph 53 as to when Steward reached a decision to close Quincy Medical Center. Answering further, the State Defendants admit that Quincy Medical Center did cease operations in 2014.

54.     The State Defendants admit the factual allegations contained in Paragraph 54 of the Complaint.

55.     Paragraph 55 of the Complaint purport to characterize the content of various communications sent by Steward's outside counsel, Andrew Levine, to various state officials. Those communications are attached to the Complaint at Exhibits 17 and 18; each is a writing that speaks for itself. Answering further, the State Defendants admit that Exhibits 17 and 18 appear to be true and accurate copies of the referenced communications.

56.     Paragraph 56 of the Complaint purports to summarize the content of an email included within Exhibit 18 to the Complaint. That email is a writing that speaks for itself.

57.     The State Defendants admit the factual allegations contained in Paragraph 57 of the Complaint.

58.     Paragraph 58 of the Complaint purports to summarize the content of Mr. Levine's December 30, 2014 letter, which appears as Exhibit 19 to the Complaint. That letter is a writing

10

that speaks for itself. Answering further, the State Defendants admit that Exhibit 19 to the Complaint appears to be a true and accurate copy of that letter.

59.    Paragraph 59 of the Complaint purports to summarize the content of the December 30, 2014 letter from Mr. Levine, which is attached to the Complaint as Exhibit 19. That letter is a writing that speaks for itself.

60.    The State Defendants admit, pursuant to the first sentence of Paragraph 60 of the Complaint, that it made no explicit written reply to the request embodied by the December 30, 2014 letter from Mr. Levine. Answering further, to the extent that the remainder of Paragraph 60 states allegations of fact, the State Defendants deny those allegations. Answering further, to the extent that the remainder of Paragraph 60 states conclusions of law, no responsive pleading is required.

61.    The first sentence of Paragraph 61 of the Complaint purports to summarize the content of an attachment to Exhibit 19; that attachment is a writing that speaks for itself. Answering further, the second sentence of Paragraph 61 states a conclusion of law, as to which no responsive pleading is required.

62.    Paragraph 62 of the Complaint purports to summarize the content of a Department circular promulgated in January, 2015 (the "January 2015 Circular"). The January 2015 Circular is attached as Exhibit 20 to the Complaint; it is a writing that speaks for itself. Answering further, the State Defendants admit that the Department promulgated the January 2015 Circular, and that Exhibit 20 to the Complaint appears to be a true and accurate copy of that circular.

63.    Paragraph 63 of the Complaint purports to quote at length from the January 2015 Circular. That circular is a writing that speaks for itself.

11

64.     The State Defendants admit that the Department sought further information from both Steward and Southcoast in April, 2015. Answering further, the State Defendants admit that Exhibit 21 to the Complaint appears to be a true and accurate copy of the Department's request to the two companies.

65.     Paragraph 65 of the Complaint purports to quote from, or otherwise to summarize, the content of Southcoast's and Steward's respective responses to the Department's requests, copies of which are attached to the Complaint as Exhibits 22 and 23, respectively. Both responses are writings that speak for themselves. Answering further, the State Defendants admit that Exhibits 22 and 23 both appear to be true and accurate copies of the responses filed by Southcoast and Steward, respectively.

66.     The State Defendants admit that the Department issue a circular on April 28, 2015 (the "April 2015 Circular"). Answering further, the State Defendants admit that Exhibit 24 to the Complaint appears to be a true and accurate copy of the April 2015 Circular. Answering further, the April 2015 Circular is a writing that speaks for itself.

67.     The State Defendants are without sufficient knowledge to admit or deny the factual allegation contained in Paragraph 67 of the Complaint, insofar as Paragraph 67 purports to characterize Steward's legal interpretation of the effect of the April 2015 Circular.

68.     Paragraph 68 of the Complaint purports to summarize comments made by Director Allwes at the May 10, 2015 meeting of the Public Health Council. The minutes of that meeting are attached to the Complaint as Exhibit 25. Those minutes are a writing that speaks for itself. Answering further, the State Defendants admit that Exhibit 25 appears to be a true and accurate copy of the minutes of that meeting.

12

69.    Paragraph 69 of the Complaint purports to summarize comments made by council members at the May 10, 2015 meeting of the Public Health Council. The minutes of that meeting appear as Exhibit 25 to the Complaint; those minutes are a writing that speaks for itself.

70.    Paragraph 70 of the Complaint purports to summarize the comments made by council members at the May 10, 2015 meeting of the Public Health Council. The minutes of that meeting appear as Exhibit 25 to the Complaint; those minutes are a writing that speaks for itself.

71.    The State Defendants admit the factual allegations contained in the first sentence of Paragraph 71 of the Complaint. The second sentence of Paragraph 71 states a conclusion of law, as to which no responsive pleading is required.

72.    Paragraph 72 of the Complaint purports to summarize the contents of an August 28, 2015 letter by Mr. Levine. That letter is attached to the Complaint as Exhibit 26; the letter is a writing that speaks for itself. Answering further, the State Defendants admit that Exhibit 26 appears to be a true and accurate copy of the referenced letter.

73.    The State Defendants admit that, at some point after withdrawing its request for a Significant Change Amendment, Steward requested authorization to offer a cardiac catheterization service at St. Anne's. Answering further, to the extent that Paragraph 73 characterizes this request as one seeking to "transfer" a service from one hospital to another, it states a legal conclusion, as to which no responsive pleading is required.

74.    The State Defendants deny the factual allegations contained in Paragraph 74 of the Complaint. Answering further, the Department has agreed not to inspect the proposed cardiac catheterization facility at St. Anne's, and thereby not to allow that facility to open, until such time as this Court has ruled on Southcoast's motion for a preliminary injunction and, in the

13

event that such motion is denied, for at least seven days thereafter, so as to permit Southcoast to seek a stay of that order pending appellate review.

75.    The State Defendants deny the factual allegations contained in Paragraph 75 of the Complaint, for the same reason set forth in Response 75, supra.

76.    The State Defendants admit the factual allegations contained in Paragraph 76 of the Complaint.

77.    Paragraph 77 of the Complaint states a conclusion of law, as to which no responsive pleading is required.

78.    The State Defendants are without sufficient knowledge to admit or deny the factual allegations contained in Paragraph 78 of the Complaint.

79.    The State Defendants are without sufficient knowledge to admit or deny the factual allegations contained in Paragraph 79 of the Complaint.

80.    Paragraph 80 of the Complaint states a conclusion of law, as to which no responsive pleading is required.

81.    Paragraph 81 of the Complaint states a conclusion of law, as to which no responsive pleading is required. Answering further, the State Defendants note their agreement with Southcoast, described in Response 74, supra.

82.    Paragraph 82 of the Complaint states a conclusion of law, as to which no responsive pleading is required.

83.    The State Defendants are without sufficient knowledge to admit or deny the factual allegations contained in Paragraphs 83A through 83D. Answering further, to the extent that Paragraph 83 argues that these allegations are sufficient to demonstrate that Southcoast's

14

requested injunction serves the public interest, it states a conclusion of law, as to which no responsive pleading is required.

84.    The State Defendants are without sufficient knowledge to admit or deny the factual allegations contained in Paragraph 85 of the Complaint.

## COUNT I
### (Declaratory Judgment)

85.    The State Defendants incorporate their responses to Paragraphs 1 through 84 of the Complaint, as though they were set forth here in full.

86.    Paragraph 86 of the Complaint purports to quote from G.L. c. 30A, § 2. That statute is a writing that speaks for itself.

87.    Paragraph 87 of the Complaint purports to quote from, or otherwise to summarize the content of, G.L. c. 30A, § 3. That statute is a writing that speaks for itself.

88.    Paragraph 88 of the Complaint states a conclusion of law, as to which no responsive pleading is required.

89.    Paragraph 89 of the Complaint states a conclusion of law, as to which no responsive pleading is required.

90.    Paragraph 90 of the Complaint states a conclusion of law, as to which no responsive pleading is required.

91.    Paragraph 91 of the Complaint states a conclusion of law, as to which no responsive pleading is required.

92.    Paragraph 92 of the Complaint states a conclusion of law, as to which no responsive pleading is required.

## COUNT II
### (Declaratory Relief)

15

93.     The State Defendants incorporate their responses to Paragraphs 1 through 92 of the Complaint, as though they were set forth here in full.

94.     The State Defendants admit that Steward has sought approval to open and operate a cardiac catheterization service at St. Anne's Hospital in Fall River. Answering further, to the extent that Paragraph 94 of the Complaint characterizes this request as one to "transfer" a service from one hospital to another, Paragraph 94 states a legal conclusion, as to which no responsive pleading is required.

95.     The State Defendants admit that Quincy Medical Center closed permanently in December 2014. Answering further, the State Defendants are without sufficient knowledge to admit or deny the allegation as to when Steward made the decision to close that facility.

96.     The State Defendants admit the factual allegations contained in Paragraph 96 of the Complaint.

97.     Paragraph 97 of the Complaint purports to summarize the terms of the acute hospital license previously held by Quincy Medical Center. That license is a writing that speaks for itself.

98.     Paragraph 98 of the Complaint purports to summarize the content of the 2014 Circular. That circular is a writing that speaks for itself.

99.     Paragraph 99 of the Complaint states a conclusion of law, as to which no responsive pleading is required.

100.    Paragraph 100 of the Complaint states a conclusion of law, as to which no responsive pleading is required.

101.    Paragraph 101 of the Complaint states a conclusion of law, as to which no responsive pleading is required.

16

## COUNT III
### (To Compel DPY to Produce Withheld Documents
### Responsive to Southcoast's Public Records Request)

102.    The State Defendants incorporate their responses to Paragraphs 1 through 101 of
the Complaint, as though they were set forth here in full.

103.    The State Defendants admit that a public records request was served upon the
Department on or about November 26, 2014. Answering further, the State Defendants deny that
the public records request was served by Southcoast. It was served by the law firm of Considine
& Furey.

104.    Paragraph 104 of the Complaint purports to quote from, or otherwise to
summarize, the contents of a referenced public records request. That request is a writing that
speaks for itself.

105.    Paragraph 105 of the Complaint purports to quote from, or otherwise to
summarize, the contents of a referenced letter sent by staff at the Department. That letter is a
writing that speaks for itself.

106.    The State Defendants admit that the Department produced a privilege log in
connection with its response to the referenced public records request on or about August 12,
2015. Answering further, the State Defendants state that the Department produced the privilege
log to Considine & Furey, the requesting party.

107.    The State Defendants deny the factual allegations contained in Paragraph 107 of
the Complaint. Answering further, counsel for the Department represented to counsel for
Considine & Furey, via email on October 6, 2015, that, as a consequence of Steward's
withdrawal of its application for a Determination of Need, the Department had withdrawn its
assertion of the deliberative process exemption to the Public Records Law, and that all

17

documents previously turned over to Considine & Furey pursuant to a protective order issued by the Superior Court were thereafter "deemed to have been produced without limitation."

108. The State Defendants admit that the Department continues to search for attachments to some of the documents it previously produced to Considine & Furey, including the referenced documents pertaining to Mr. Levine.

109. Paragraph 109 of the Complaint states a conclusion of law, as to which no responsive pleading is required.

## REQUESTS FOR RELIEF

The Complaint's Requests for Relief constitute statements of legal entitlement, a conclusion of law as to which no responsive pleading is required.

## FIRST AFFIRMATIVE DEFENSE

Southcoast lacks standing to prosecute this action.

## SECOND AFFIRMATIVE DEFENSE

This Court lacks subject-matter jurisdiction to adjudicate this dispute.

## THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## FOURTH AFFIRMATIVE DEFENSE

Southcoast was not the requesting party with respect to the Public Records Request that is the subject of Count III of the Complaint. Accordingly, Southcoast is not the proper party to seek redress with respect to the Department's response to that request.

Respectively submitted,

MASSACHUSETTS DEPARTMENT
OF PUBLIC HEALTH and MONICA
BHAREL, M.D., in her official capacity
as its Commissioner

18

By their attorney,

MAURA HEALEY
ATTORNEY GENERAL

Daniel J. Hammond
BBO # 559475
Assistant Attorney General
Government Bureau
One Ashburton Place, Rm. 2014
Boston, Massachusetts 02108
(617) 727-2200
dan.hammond@state.ma.us
Benjamin.golden@state.ma.us

Dated: December 10, 2015

## CERTIFICATE OF SERVICE

I, Daniel J. Hammond, hereby certify that I caused a copy of the attached Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction to be served, via electronic mail, upon the parties listed below, on December 9, 2015.  Paper copies of the same were also mailed to each of the recipients listed below on December 10, 2015.

Daniel J. Hammond
Assistant Attorney General

Thomas O. Bean, Esquire
Rachel Wertheimer, Esquire
Jeffrey Heidt, Esquire
VERRILL DANA, L.L.P.
One Boston Place, Suite 1600
Boston, Massachusetts 02108
Emailed to:  tbean@verrilldana.com

Bruce A. Singal, Esquire
Donoghue, Barrett & Singal
One Beacon Street, Suite 1320
Boston, Massachusetts 02108
Emailed to:  bsingal@dbslawfirm.com

20