# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

STEWARD HEALTH CARE SYSTEM LLC,  )
    *Plaintiff*,  )
    )
    )
    v.  )    No. 1:15-cv-14188-MLW
    )
SOUTHCOAST HEALTH SYSTEM, INC.,  )
    *Defendant*.  )

## PLAINTIFF STEWARD HEALTH CARE SYSTEM LLC'S MEMORANDUM IN SUPPORT OF ITS EMERGENCY MOTION TO STAY DISCOVERY AND/OR FOR A PROTECTIVE ORDER OR ORDER QUASHING A SUBPOENA

Respectfully submitted,

STEWARD HEALTH CARE SYSTEM LLC

By its attorneys,

*/s/ Daniel N. Marx*
Daniel N. Marx (BBO#674523)
Kevin C. Conroy (BBO#644894)
Jeremy W. Meisinger (BBO#688283)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02210
Tel: (617) 832-1000
Fax: (617) 832-7000
dmarx@foleyhoag.com

Dated: February 26, 2016

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ...........................................................................................ii

INTRODUCTION ...................................................................................................... 1

BACKGROUND ......................................................................................................... 2

     A.    Southcoast's State Action and Steward's Motion to Dismiss...................................2

     B.    Steward's Federal Action and Southcoast's Motion to Dismiss.............................4

     C.    Southcoast's Improper and Premature Discovery Requests ...................................4

ARGUMENT ............................................................................................................... 5

I.    IN THE INTEREST OF JUDICIAL ECONOMY, DISCOVERY SHOULD BE
     STAYED WHILE SOUTHCOAST'S MOTION TO DISMISS IS PENDING................. 6

II.    FACT DISCOVERY WOULD BE IRRELEVANT TO THE DISPOSITIVE LEGAL
     ISSUES THAT ARE NOW PENDING. ............................................................. 9

III.    SOUTHCOAST IMPROPERLY SEEKS DISCOVERY IN THIS FEDERAL CASE
     TO AVOID DISMISSAL OF ITS "SHAM" STATE CASE. .......................................... 11

IV.    SOUTHCOAST IMPROPERLY SEEKS POTENTIALLY PRIVILEGED
     TESTIMONY FROM A FORMER STATE OFFICIAL. ................................................. 13

V.    THE REQUESTED DISCOVERY IS UNDULY BURDENSOME............................... 15

VI.    THE REQUESTED DISCOVERY IS ALSO PREMATURE BECAUSE
     SOUTHCOAST HAS NOT CONFERRED IN GOOD FAITH WITH STEWARD....... 17

CONCLUSION ........................................................................................................... 20

B4518945.1

## **TABLE OF AUTHORITIES**

**Cases**

*Allen v. City of Chicago,*
   No. 10 C 3183, 2014 U.S. Dist. LEXIS 150308 (N.D. Ill. Oct. 22, 2014) .............................. 10

*Aponte-Torres v. University of Puerto Rico,*
   445 F.3d 50 (1st Cir. 2006) ....................................................................................................... 6

*Beard v. New York Central Railroad Company,*
   20 F.R.D. 607 (N.D. Ohio 1957) ....................................................................................... 11, 12

*Brockton Savings Bank v. Peat, Marwick, Mitchell & Company,*
   771 F.2d 5 (1st Cir. 1985) ......................................................................................................... 7

*Brown v. Hendler,*
   No. 09 Civ. 4486, 2011 U.S. Dist. LEXIS 9476 (S.D.N.Y. Jan. 31, 2011) ............................. 15

*Celerity, Inc. v. Ultra Clean Holding, Inc.,*
   No. 05-4374 MMC, 2007 U.S. Dist. LEXIS 8295 (N.D. Cal. Jan. 25, 2007) ................... 16, 17

*Commodity Futures Trading Commission v. Weintraub,*
   471 U.S. 343 (1985) ................................................................................................................. 14

*Chagnon v. Bell,*
   642 F.2d 1248 (D.C. Cir. 1980) ................................................................................................. 7

*Cipollone v. Liggett Group,*
   113 F.R.D. 86 (D.N.J. 1986) ................................................................................................... 11

*Contardo v. Merrill Lynch, Pierce, Fenner & Smith,*
   119 F.R.D. 622 (D. Mass. 1988) ............................................................................................. 16

*Cooper v. Charter Communications, Inc.,*
   No. 3:12-cv-10530-MGM, 2016 U.S. Dist. LEXIS 3651 (D. Mass. Jan. 12, 2016) .............. 15

*Cryer v. Spencer,*
   No. 11-cv-10654-DJC, 2012 U.S. Dist. LEXIS 34702 (D. Mass. Mar. 15, 2012) ................. 10

*Daniel v. Caesar,*
   No. 09-41-FJP-SCR, 2009 U.S. Dist. LEXIS 25419 (M.D. La. Mar. 24, 2009) ..................... 18

*Dicenzo v. Massachusetts Department of Corrections,*
   No. 15-cv-30152-MGM, 2016 U.S. Dist. LEXIS 4166 (D. Mass. Jan. 13, 2016) ................... 7

B4518945.1

*Dove v. Atlantic Capital Corporation,*
    963 F.2d 15 (2d Cir. 1992) ........................................................................................... 11

*Dynamic Image Technologies, Inc. v. United States,*
    221 F.3d 34 (1st Cir. 2000) ............................................................................................ 6

*Enos v. Secretary of Environmental Affairs,*
    432 Mass. 132 (2000) .................................................................................................. 10

*Gomez v. Nashua,*
    126 F.R.D. 432 (D.N.H. 1989) ..................................................................................... 15

*Gutescu v. Carey, International, Inc.,*
    No. 01-4026-CIV, 2003 U.S. Dist. LEXIS 27502 (S.D. Fla. June 23, 2003) ............... 17

*Herbert v. Lando,*
    441 U.S. 153 (1979) ....................................................................................................... 7

*Hewlett-Packard Company v. Berg,*
    61 F.3d 101 (1st Cir. 1995) ............................................................................................ 7

*Indeck Maine Energy, LLC v. Commissioner of Energy Resources,*
    454 Mass. 511 (2009) ................................................................................................... 10

*Johnson Foils, Inc. v. Huyck Corp.,*
    61 F.R.D. 405 (N.D.N.Y. 1973) .................................................................................... 11

*Landis v. North American Company,*
    299 U.S. 248 (1936) ....................................................................................................... 7

*LeClerc v. Webb,*
    Civ. No. 03-664, 2003 U.S. Dist. LEXIS 7569 (E.D. La. May 5, 2003) ...................... 7

*Link v. Wabash Railroad Company,*
    370 U.S. 626 (1962) ....................................................................................................... 7

*Maine v. U.S. Deparment of the Interior,*
    124 F. Supp. 2d 728 (D. Mass. 2001) ..................................................................... 13, 14

*Memorial Hospice, Inc. v. Norris,*
    No. 2:08-cv-048-B-A, 2008 U.S. Dist. LEXIS 92618 (N.D. Miss. Nov. 5, 2008) ....... 15

*Microfinancial, Inc. v. Premier Holidays International, Inc.,*
    385 F.3d 72 (1st Cir. 2004) ............................................................................................ 7

*Momenta Pharmaceuticals, Inc. v. Teva Pharmaceuticals Industries,*
    765 F. Supp. 2d 87 (D. Mass. 2011) .......................................................................... 18

*Mulvey v. Chrysler Corporation,*
    106 F.R.D. 364 (D.R.I. 1985) .................................................................................... 16

*New York City Managerial Employees Association v. Dinkins,*
    807 F. Supp. 955 (S.D.N.Y. 1992) .............................................................................. 14

*Nissim Corporation v. ClearPlay, Inc.,*
    No. 2012-1188, 2012 U.S. App. LEXIS 25235 (Fed. Cir. Dec. 11, 2012) ............................ 10

*NLRB v. Sears, Roebuck & Company,*
    421 U.S. 132 (1975) .................................................................................................. 14

*Nordica S.p.A. Nordica USA Corporation v. Icon Health & Fitness, Inc.,*
    No. 06-cv-451-PB, 2009 U.S. Dist. LEXIS 54374 (D.N.H. Apr. 10, 2009) ......................... 15

*NPS LLC v. Ambac Assurance Corporation,*
    706 F. Supp. 2d 162 (D. Mass. 2010) ......................................................................... 6

*Picker International, Inc. v. Leavitt,*
    865 F. Supp. 951 (D. Mass. 1994) .............................................................................. 8

*Poliquin v. Garden Way,*
    989 F.2d 527 (1st Cir. 1993) ..................................................................................... 15

*Professional Real Estate Investors, Inc. v. Columbia Pictures Industries,*
    508 U.S. 49 (1993) .................................................................................................. 10

*Providence Journal Company v. United States Deparment of the Army,*
    981 F.2d 552 (1st Cir. 1992) ..................................................................................... 14

*Ramirez Rodriguez v. Boehringer Ingelheim Pharmaceuticals, Inc.,*
    425 F.3d 67 (1st Cir. 2005) ....................................................................................... 6

*Ross v. City of Memphis,*
    423 F.3d 596 (6th Cir. 2005) ..................................................................................... 14

*Securities and Exchange Commission v. Present,*
    No. 14-14692-LTS, 2015 U.S. Dist. LEXIS 170245 (D. Mass. Dec. 21, 2015) ................... 14

*Stamps v. Framingham,*
    38 F. Supp. 3d 134 (D. Mass. 2014) ........................................................................... 13

*Starkey v. Birritteri,*
    No. 12-10988-RWZ, 2013 U.S. Dist. LEXIS 108828 (D. Mass. Aug. 2, 2013) ..................... 14

*Wilson v. HSBC Mortgage Services,*
    744 F.3d 1 (1st Cir. 2014) ......................................................................................... 10

## Statutory Authorities

M.G.L. c. 30A, §§ 2-3 ................................................................................................... 10

M.G.L. c. 268A ............................................................................................................ 13

## Rules and Regulations

Fed. R. Civ. P. 1 ..................................................................................................... 2, 6, 7

Fed. R. Civ. P. 16 ........................................................................................................ 20

Fed. R. Civ. P. 26 ................................................. 2, 4, 5, 6, 7, 12, 15, 17, 18, 19, 20

Fed. R. Civ. P. 30 ........................................................................................................ 17

Fed. R. Civ. P. 34 .................................................................................................... 15, 16

Fed. R. Civ. P. 45 .................................................................................................... 2, 15

B4518945.1

## INTRODUCTION

Defendant Steward Health Care System LLC ("Steward") is forced to seek discovery relief from the Court, on an emergency basis, because shortly after filing a motion to dismiss, which is now pending with the Court, Plaintiff Southcoast Health System, Inc. ("Southcoast") has improperly sought irrelevant, unduly burdensome and premature discovery, in the form of both testimony and documents, on an unreasonably expedited basis, from Mr. John Polanowicz, an Executive Vice President of Steward.  There is simply no justification for using discovery to harass a senior executive of a corporate party in this way, and the Court should not allow Southcoast to do it.

After defaming Steward by making false accusations in the local media about Mr. Polanowicz and his public service as the former Secretary of the Executive Office of Health and Human Services ("EOHHS"), Southcoast is now harassing Mr. Polanowicz by demanding that— with less than 10 days' notice—he appear for a deposition and produce documents on March 1, 2016.  It is entirely unreasonable for Southcoast to insist that Mr. Polanowicz, a senior executive of a major corporation, testify on complicated and sensitive topics and also search for, review and produce extensive documents, all on exceedingly short notice.  That is particularly so, because discovery between the parties has not even started and a motion to dismiss by Southcoast is pending.  Even when advised by Steward that Mr. Polanowicz has several pre-existing professional conflicts, Southcoast has stubbornly refused to continue the deposition beyond March 4, 2016, and rejected an offer by Steward to make him available one month later.

Southcoast has provided no good reason why it must urgently take discovery from Mr. Polanowicz.  But the actual reason could hardly be more clear.  Southcoast improperly seeks to use discovery in this federal case in a desperate attempt to avoid the dismissal of its "sham" lawsuit in state court against the Department of Public Health ("DPH") and Steward.   In that state case, the court has already denied Southcoast's motion for preliminary injunction—finding that Southcoast is unlikely to prevail—and ruled Southcoast is not entitled to take discovery to try to show that it had standing to file its "sham" lawsuit in the first place.  Thus, in this case, the

- 1 -

Court should not allow Southcoast to set off on an improper fishing expedition, especially one that is unfairly and personally focused on Mr. Polanowicz.

Against this backdrop, the Court should see Southcoast's discovery gambit for what it is, namely an abuse of the discovery process that will not promote the "just, speedy and inexpensive" resolution of this matter, Fed. R. Civ. P. 1, but rather an effort to "embarrass[]" and "annoy" Mr. Polanowicz that will impose "undue burdens" on him and Steward, Fed. R. Civ. P. 26(c)(1); *see also* Fed. R. Civ. P. 45(d)(3).  The requested discovery is completely irrelevant to the pending legal issues presented by Southcoast's own motion to dismiss (e.g., standing), and it implicates complicated privilege concerns for EOHHS and DPH, which are not parties to this federal case.  Finally, this effort is also entirely premature, because the parties have not yet met and conferred as Fed. R. Civ. P. 26(d)(1) and (f) require.

Accordingly, this Court should issue (1) an order to stay discovery pending the resolution of the motion to dismiss by Southcoast and/or (2) a protective order to enjoin the deposition of Mr. Polanowicz, which Southcoast unilaterally scheduled for March 1, 2016, or an order to quash the subpoena for testimony and documents on the same date.

**BACKGROUND**

### A.  Southcoast's State Action and Steward's Motion to Dismiss

On October 15, 2015, Southcoast filed a "sham" lawsuit in Suffolk Superior Court against DPH, its Commissioner Monica Bharel, M.D., St. Anne's Hospital Corporation ("St. Anne's Hospital"), and Steward.  *See* Steward's Complaint ("Compl.") ¶¶ 5, 62-63 (DE #1); *see also* Southcoast's Motion to Dismiss ("Mot." and "Mem."), Ex. 1 (DE #7).  Southcoast's state action sought a declaratory judgment to invalidate a 2014 administrative pronouncement ("the ACO Exception Circular"), *see* Compl. Ex. B, that qualified a 2008 administrative pronouncement ("the Moratorium Circular"), *see id.*, Ex. A, by DPH concerning cardiac catheterization centers.  Southcoast's state action also sought an injunction barring DPH from licensing Steward to offer cardiac catheterization services at Saint Anne's Hospital and

prohibiting Steward from offering those much-needed health care services to the residents of Southeastern Massachusetts.

When Southcoast filed its state action, Southcoast moved for a preliminary injunction, which Steward opposed and the state court (MacLeod, J.) denied.  The court ruled as follows:

> Upon review of all of the submissions and consideration of the applicable law, most specifically the procedural steps taken by DPH in formulating and adopting the ACO Exception Circular at issue, I find that [Southcoast] has failed to demonstrate a likelihood of success on the merits of its claims.  Essentially, I find that, at least at this stage of the proceedings, [Steward and the other defendants] have raised legitimate questions concerning Southcoast's standing, as well as to the appropriateness of this court's intruding into a matter affecting public policy that is within the exclusive domain of DPH.

*Id.*, Ex. C at 3; *see id.* at 4 (ruling that Southcoast "failed to demonstrate a likelihood of prevailing on the merits with respect to its claims" or "that any harm it may suffer cannot be repaired or adequately compensated should it ultimately attain success on its claims," and that "the public is better served by the denial of preliminary injunction").

Meanwhile, Steward moved to dismiss the state action, arguing that Southcoast lacked standing to sue DPH and Steward concerning (1) the adoption of the ACO Exception Circular or (2) its application to the proposed cardiac catheterization center at Saint Anne's Hospital.  On January 29, 2016, the state court (Wilkins, J.) heard argument and rejected Southcoast's plea for additional discovery: "[Y]ou can't file a lawsuit to get discovery to prove that you have the right to ... file a lawsuit."  Ex. A at 31.  (In response, Southcoast's counsel conceded, "Exactly right, Your Honor."  *Id.*)  Later, the court revisited the issue of discovery and made the same point:

> Court: . . . I have a serious concern about whether I should let [Southcoast] continue with a lawsuit in the hopes that you come up with a theory of standing.  So I have to think about that.
>
> Southcoast: Well, as I said, if we had not been stymied in terms of discovery, we would have, and if we had—
>
> Court: Right, but *you don't have [a] right to discovery unless you have standing*, so you each disagree about that issue. . . . I

- 3 -

> understand that you're frustrated, but I can understand why
> [Steward] took the position that they did.

*Id.* at 52-53 (emphasis added).  The state court has not yet ruled on the motion to dismiss.

### B. Steward's Federal Action and Southcoast's Motion to Dismiss

Shortly after the state court denied Southcoast's motion for preliminary injunction, on December 21, 2015, Steward filed its complaint in this Court against Southcoast.   (DE #1). Steward claims that, by engaging in "sham" litigation in state court and making defamatory statements about Steward, Southcoast violated federal and state antitrust laws (for which Southcoast is not entitled to immunity under the *Noerr-Pennington* doctrine).   *See* Compl., Counts I & II.  Steward also claims that Southcoast defamed Steward and tortiously interfered with advantageous business relations with third-parties.  *See id.*, Counts III &IV.

On January 25, 2016, Southcoast filed its motion to dismiss, arguing the Court could resolve several dispositive legal issues.   (DE #7).   Regarding the antitrust claims, Southcoast contended that, as a matter of law, its state action was not "objectively baseless," which is one of two elements for the "sham" exception to the *Noerr-Pennington* doctrine.   Mem. at 6-8. Similarly, regarding the defamation claim, Southcoast insisted that, as a matter of law, its alleged statements were only "opinions" about Steward and, thus, not actionable.  *Id.* at 17-19.   On February 8, 2016, Steward filed its opposition ("Opp.") (DE #9), and the Court has not yet ruled on the motion.

### C. Southcoast's Improper and Premature Discovery Requests

As discussed in detail below, *see* Part VI *infra*, on February 9, 2016, less than 24 hours after Steward opposed the motion to dismiss, and before Southcoast answered the Complaint or asserted any defenses, Southcoast's counsel contacted Steward's counsel about availability for a "Rule 26(f) conference."  Ex. B.  Counsel spoke the next day, and again the next week.  During those two calls, it became clear Southcoast and Steward fundamentally disagreed whether discovery should begin (as Southcoast insisted) or was premature (as Steward contended).

Both orally and in writing, Steward's counsel stated that, given this fundamental disagreement about discovery, the calls between counsel did not constitute a "Rule 26(f) conference."  *See* Ex. C.  Nevertheless, just hours after the second call on February 18, 2016, Southcoast served its initial disclosures and a notice to depose John Polanowicz, Steward's Executive Vice President for Network, Insurance and Physician Operations.  *See* Ex. D.  The notice called for Mr. Polanowicz to appear on March 1, 2016, less than 10 business days later.

Then, on February 22, 2016, Southcoast served a "subpoena" on Mr. Polanowicz.  *See* Ex. E.  The subpoena demanded that, less than five business days later, Mr. Polanowicz testify and produce all paper and electronic documents, including e-mails, responsive to five broad requests, including "all documents concerning communications between you and Steward regarding your potential employment by Steward."  *Id.* at #1.  Beyond being overbroad, these requests sought documents that are likely available from Steward, a party in this case, and also public records to which Mr. Polanowicz would have had access only as the former Secretary of EOHHS, such as "all documents concerning whether to promulgate the ACO Exception Circular pursuant to the Administrative Procedures Act."  *Id.* at #5.[1]

## ARGUMENT

Although its own motion to dismiss is pending and discovery between the parties has not started, Southcoast has recently demanded that Mr. John Polanowicz, an Executive Vice President of Steward, appear for a wide-ranging deposition and produce extensive documents with only 10 days' notice.  Southcoast has offered no justification for harassing Mr. Polanowicz in this way, or for its false sense of urgency about discovery in this case, and it has flatly refused to continue the proposed deposition by more than three days to a mutually convenient date about one month later (which Steward offered to do).  Although Southcoast is plainly desperate for any

---

[1] Steward has objected to both the notice and subpoena, which does not comply with many of the basic requirements of Fed. R. Civ. P. 45(a), and has proposed continuing the deposition of Mr. Polanowicz to April 6 or 8, 2016. Southcoast has flatly refused to continue the deposition by more than 3 days to March 4, 2016.

B4518945.1

discovery that might stave off the dismissal of its "sham" lawsuit in state court, it should not be permitted to abuse the discovery process in federal court, make unreasonable demands on Mr. Polanowicz, or impose undue burdens on Steward.  Indeed, the best way to promote the efficient and economical resolution of this litigation would be to stay discovery until the Court rules on the pending motion to dismiss.

## I.      IN THE INTEREST OF JUDICIAL ECONOMY, DISCOVERY SHOULD BE STAYED WHILE SOUTHCOAST'S MOTION TO DISMISS IS PENDING.

Under Fed. R. Civ. P. 26(c) and (d), "[t]rial courts have broad discretion in determining the timing of pretrial discovery."  *Dynamic Image Techs., Inc. v. United States*, 221 F.3d 34, 38 (1st Cir. 2000) (affirming a stay of discovery pending the resolution of dispositive legal issues); *see NPS LLC v. Ambac Assur. Corp.*, 706 F. Supp. 2d 162, 167 (D. Mass. 2010) (recognizing "a court may grant a stay of discovery for 'good cause shown,' Fed. R. Civ. P. 26(d), as part of its 'broad discretion in ruling on pre-trial management matters'") (quoting *Ramirez Rodriguez v. Boehringer Ingelheim Pharms., Inc.*, 425 F.3d 67, 73 (1st Cir. 2005)).  Courts properly exercise this broad discretion to issue stays or protective orders when "the record indicates that discovery is unnecessary (or, at least, is unlikely to be useful)" in resolving dispositive legal issues that the parties have presented.  *Dynamic Image Techs., Inc.*, 221 F.3d at 38; *see, e.g. Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 59 (1st Cir. 2006) (affirming a stay, which was imposed after a "dispositive motion had been fully briefed by all parties and taken under advisement by the district court," because "any matters disclosed by further discovery would have been irrelevant to the district court's ruling").

Indeed, the Supreme Court has directed district courts to "accord great weight to the concept of relevancy" in determining whether to limit the timing and scope of pretrial discovery:

> The discovery provisions, like all of the Federal Rules of Civil Procedure, are subject to the injunction of Rule 1 that they "be construed to secure the just, speedy and inexpensive determination of every action."  To this end, the requirement of Rule 26(b)(1) that the material sought in discovery be "relevant" should be firmly applied, and district courts should not neglect their power to

> restrict discovery where "justice requires (protection for) a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . ." Rule 26(c). With this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process.

*Chagnon v. Bell*, 642 F.2d 1248, 1266 (D.C. Cir. 1980) (quoting *Herbert v. Lando*, 441 U.S. 153, 177 (1979)); *see, e.g.*, *LeClerc v. Webb*, Civ. No. 03-664, 2003 U.S. Dist. LEXIS 7569, at *23-24 (E.D. La. May 5, 2003) (granting motion to quash and stay) (ruling "entitlement to discovery prior to a ruling on a dispositive motion is not unlimited and may be undercut, where ... discovery is not likely to produce facts relevant to the merits of a dispositive pending motion").

In addition to this explicit authority under the discovery rules, federal courts also "p[ossess] the inherent power to stay proceedings," including pretrial discovery, "for prudential reasons." *Dicenzo v. Mass. Dep't of Corr.*, No. 15-cv-30152-MGM, 2016 U.S. Dist. LEXIS 4166, at *4-5 (D. Mass. Jan. 13, 2016) (staying discovery while a motion to dismiss was pending) (quoting *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004), and collecting cases). This "inherent power" over discovery is "'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 11 (1st Cir. 1985) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)). Stated more broadly, courts can—and should—stay discovery to ensure "economy of time and effort for itself, for counsel, and for litigants." *Hewlett-Packard Co. v. Berg*, 61 F.3d 101, 105 (1st Cir. 1995) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

Here, permitting Southcoast to pursue the requested discovery, on an expedited basis, would waste considerable "time and effort for [the Court], for counsel, and for the litigants," *id.*, and frustrate the "just, speedy and inexpensive determination" of this matter, Fed. R. Civ. P. 1. If the Court denies the pending motion to dismiss, Southcoast will be required to answer Steward's complaint and assert any defenses. That development will define the scope of necessary discovery by identifying the issues about which the parties actually disagree (as well

- 7 -

as those that may be undisputed). For example, it is unclear whether extensive fact and expert discovery will be needed about the product and geographic markets, *see* Compl. ¶¶ 49-61, because Southcoast has not yet indicated if it will dispute those allegations. It makes no sense to stumble blindly into discovery, as Southcoast proposes. (Obviously, if the Court allows the pending motion, no discovery will be necessary, unless Steward files an amended complaint.)

The potential waste of time and resources is particularly significant here, because Southcoast's motion to dismiss presents several legal issues that, depending on this Court's ruling, may significantly limit discovery. For example, in its draft proposed discovery plan, Southcoast identified as a subject for discovery "Steward's responses to Southcoast's allegedly defamatory statements, and its ability and opportunity to respond to such statements," which relates to the antitrust presumption that statements among commercial competitors cause only *de minimis* harm. Ex. F at B(1)(C). As Steward's counsel has explained, however, that presumption is irrelevant, because it applies only to commercial disparagement. *See id.* (margin comments). Steward alleges defamation, not disparagement, *see* Compl. ¶¶ 76-102, 120-24, and Southcoast's statements discredited Steward's reputation as a health care organization rather than the quality of its services, *see* Opp. 15-16 & n.3 (distinguishing defamation from disparagement and citing *Picker Int'l, Inc. v. Leavitt*, 865 F. Supp. 951, 964 (D. Mass. 1994)). The pending motion squarely presents this legal issue—the applicability of the antitrust presumption of *de minimis* injury—for decision, *compare* Mot. at 16 & n.13 *with* Opp. at 15-16 & n.3, and its resolution may eliminate an entire subject of proposed discovery.

Finally, in discussions concerning whether to begin discovery right away, even while a motion to dismiss is pending, Southcoast has not meaningfully identified any prejudice that it would suffer from waiting to take discovery—or briefly continuing the deposition of Mr. Polanowicz. Fact discovery in this case will likely include substantial document productions, including from third-parties, and numerous depositions of witnesses. Whether Southcoast deposes Mr. Polanowicz in two days, or next month, or at some other time in the reasonably near future will not impact the timing of the final resolution of this litigation. The guiding principle is

- 8 -

B4518945.1

not simply to get discovery done as soon as possible, but rather efficiently and in a manner that minimizes the undue burdens on parties and non-parties alike.

Finally, a stay of discovery would not prejudice Southcoast.  Even assuming Southcoast is generating decreased revenues at its cardiac catheterization centers at Charlton Memorial Hospital and Tobey Hospital due to market competition from Steward's new center at Saint Anne's Hospital, the resolution of *the federal case* will have no impact whatsoever on that situation.  After all, there is no challenge in this case to the validity of the ACO Exception Circular or its application to Steward.  And Southcoast seeks no relief from this Court that would stop Steward from offering cardiac catheterization services at its new center.  Instead, here, the final judgment will establish whether Southcoast (1) violated state and federal antitrust laws, (2) defamed Steward and (3) tortiously interfered with its business relations and, if so, (4) must pay damages to compensate Steward.  Although Southcoast seeks declaratory and injunctive relief in *its state case* (in an improper effort to force Steward out of the market), the fact that Southcoast wants to hurry to conclude the state case is not "good cause" to justify its taking improper and premature discovery in the federal case.

## II.   FACT DISCOVERY WOULD BE IRRELEVANT TO THE DISPOSITIVE LEGAL ISSUES THAT ARE NOW PENDING.

In this case, Steward alleges Southcoast has filed a "sham" lawsuit in state court to prevent, or at least delay, competition by Steward in the cardiac catheterization market in Southeastern Massachusetts and to maintain the monopoly that Southcoast has long enjoyed.  *See* Compl. ¶¶ 5, 62, 108, 116.  Steward further alleges Southcoast is not entitled to antitrust immunity under the *Noerr-Pennington* doctrine, because the state action is "objectively baseless" and "subjectively motivated" by anticompetitive objectives.  *See id.* ¶¶ 66-69; *see also* Opp. at 5-16.  Specifically, Steward alleges Southcoast could not reasonably have had a realistic expectation of success in state court, because when it sued Steward and DPH, (1) Southcoast lacked standing, (2) no actual controversy existed, (3) no irreparable harm justified injunctive relief, and (4) the challenge to the ACO Exception Circular lacked merit.  *See* Compl. ¶ 66.

- 9 -

In its pending motion to dismiss, Southcoast has not disputed that its state court action was subjectively motivated by the anticompetitive intent to block Steward from entering the market for cardiac catheterization services in Southeastern Massachusetts.  *See* Mot. at 5-15. Rather, Southcoast has narrowly argued that, as a matter of law, its lawsuit was not objectively baseless and disputed the four enumerated points above.  *See id.*  Thus, the relevant legal issues are ripe for decision by the Court and require no discovery on any factual matters.  Indeed, as Southcoast correctly concedes, "[e]ach of the issues asserted by Steward for why the State Court Action is 'sham' litigation constitutes a *question of law*."  *Id.* at 8 n.11 (emphasis added).[2]

Thus, the requested fact discovery that Southcoast seeks from Mr. Polanowicz, on an unreasonably expedited basis, will not bear on these disputed legal issues.  For example, it will not assist the Court in deciding if, for the purposes of standing, Southcoast's competitive position is within the "area of concern" of DPH's licensing scheme for cardiac catheterization centers. *Indeck  Me. Energy, LLC*, 454 Mass. at 516.  Mr. Polanowicz cannot speak for DPH or EOHHS on that matter, and his personal opinion as the former Secretary is irrelevant.  Not surprisingly, Southcoast can point to no case, and Steward is not aware of one, in which a Massachusetts court (or federal court applying Massachusetts law) has looked to deposition testimony from a former state official to determine if a party had standing under the "regulated entities" doctrine.  Far

---

[2] "The question of whether certain facts establish standing is a question of law."  *Wilson v. HSBC Mortg. Servs.*, 744 F.3d 1, 8 (1st Cir. 2014).  More specifically, whether Southcoast had standing to sue DPH and Steward under the "regulated entities" doctrine is a legal matter for the Court.  *See Indeck  Me. Energy, LLC v. Comm'r of Energy Res.*, 454 Mass. 511, 516 (2009); *Enos v. Sec'y of Envt'l Affairs*, 432 Mass. 132, 135-136 (2000).  Similarly, the question "[w]hether an actual controversy exists to support subject matter jurisdiction is a question of law."  *Nissim Corp. v. ClearPlay, Inc.*, No. 2012-1188, 2012 U.S. App. LEXIS 25235, at *9 (Fed. Cir. Dec. 11, 2012).  In addition, "[t]he interpretation of the availability of injunctive relief," for example where the party seeking an injunction faces no irreparable harm but only economic harm, "is a question of law."  *Allen v. City of Chicago*, No. 10 C 3183, 2014 U.S. Dist. LEXIS 150308, at *23 (N.D. Ill. Oct. 22, 2014).  Finally, whether an administrative pronouncement is a "regulation" under the Massachusetts Administrative Procedures Act ("MAPA"), M.G.L. c. 30A, §§ 2-3, is also a legal issue for the Court.  *See Cryer v. Spencer*, No. 11-cv-10654-DJC, 2012 U.S. Dist. LEXIS 34702, at *26-29 (D. Mass. Mar. 15, 2012) (ruling, based on legal analysis, that the challenged double-bunking practice in state prison was "akin to an informational pronouncement or policy statement that does not constitute a regulation" under MAPA).  *See Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus.*, 508 U.S. 49, 63 (1993) ("Where . . . there is no dispute over the predicate facts of the underlying legal proceeding, a court may decide probable cause," i.e., whether a legal proceeding constitutes "sham litigation" in violation of the antitrust laws, "as a matter of law").

B4518945.1

more revealing than any possible testimony Southcoast might get from Mr. Polanowicz in the federal case is the representation the Attorney General's Office, as counsel for DPH, has already made in the state case:  although DPH did not move to dismiss, its counsel told the state court at the January 29, 2016 hearing that, in opposing Southcoast's preliminary injunction motion, DPH "did raise many of the same arguments that Steward is making" in support of dismissal and that "there's not much substantive daylight between our position and Steward's," *i.e.*, Southcoast lacked standing to bring its state case.  Ex. A at 25-26.

Deposing Mr. Polanowicz can also shed no light on whether Southcoast improperly sued DPH and Steward in the absence of any "actual controversy."  Indeed, there is no dispute that Southcoast filed its state action before DPH had taken any final agency action on the request by Steward to transfer its cardiac catheterization services to Saint Anne's Hospital.  *See* Compl., ¶¶ 42-47, 62, 66.  The same goes for whether Southcoast faced any "irreparable harm" that justified its motion for a preliminary injunction against DPH and Steward.  What could Mr. Polanowicz possibly say about that subject?  Finally, the "merits" of Southcoast's MAPA challenge to the ACO Exception Circular also turn on a legal question:  whether that administrative pronouncement was, or was not, a "regulation."  That is a decision for the Court, not a subject about which Southcoast needs to depose Mr. Polanowicz.  His personal views about the ACO Exception Circular are entirely beside the point.

## III.   SOUTHCOAST IMPROPERLY SEEKS DISCOVERY IN THIS FEDERAL CASE TO AVOID DISMISSAL OF ITS "SHAM" STATE CASE.

Although "the Federal Rules do not foreclose" using discovery in one action for litigation in another, *Cipollone v. Liggett Group*, 113 F.R.D. 86, 91 (D.N.J. 1986), courts have admonished litigants for attempting "to use a federal court as a mere auxiliary forum through which to obtain assistance in the preparation of a similar case pending in the state court," *Beard v. New York C. R. Co.*, 20 F.R.D. 607, 610 (N.D. Ohio 1957) (granting defendant's motion to quash interrogatories); *see also Dove v. Atl. Capital Corp.*, 963 F.2d 15, 19 (2d Cir. 1992); *see also Johnson Foils, Inc. v. Huyck Corp.*, 61 F.R.D. 405, 410 (N.D.N.Y. 1973) (citing cases)

(recognizing district courts may limit discovery that is not conducted in good faith). That is precisely what Southcoast is doing here.

In Southcoast's state case, following a hearing held on January 29, 2016, the state court took under advisement Steward's motion to dismiss. Shortly thereafter, on February 8, 2016, Steward opposed Southcoast's motion to dismiss this federal action. (DE #7, 9). Then, on February 9, 2016, Southcoast's counsel contacted Steward's counsel about availability for a "Rule 26(f) conference." Ex. B. On the very same day, Southcoast attempted to stave off dismissal in the state court action by seeking emergency leave to file two internal DPH emails that Southcoast apparently obtained from a public records request. The timing of these maneuvers by Southcoast in the federal and state cases was, of course, not coincidental.

Southcoast seeks to use the federal court "as a mere auxiliary forum" to pursue discovery about Mr. Polanowicz that is presently unavailable in the state case and thereby attempt to avoid dismissal of that sham lawsuit against DPH and Steward. *Beard*, 20 F.R.D. at 610. Although Southcoast has complained that, in the state case, it has been "stymied" by Steward, the state court rejected Southcoast's plea for additional discovery, explaining that "[Y]ou can't file a lawsuit to get discovery to prove that you have the right to . . . file a lawsuit." Ex. A at 31. The state court ruled that Southcoast does not "have a right to discovery" from Steward or DPH "unless [it has] standing" to sue them. *Id.* at 52 (emphasis added). It is improper, as the state court recognized, to put the discovery cart before the standing horse. Accordingly, this Court should not allow Southcoast to make an end-run around the state court and obtain discovery in federal court from Mr. Polanowicz for use in the state action.

This ulterior motive for Southcoast's efforts in the federal case is obvious from the preliminary discussions among counsel about discovery. On February 12, 2016, Southcoast proposed a discovery plan that contemplated, as Steward insisted, a stipulated protective order to "prohibit[] . . . using discovery materials for any purpose other than in this federal litigation," but Southcoast paired this restriction with the rule-swallowing caveat that "discovery materials may be used in state court litigation involving the parties to the extent permitted by applicable

- 12 -

law." Ex. F at D. When Steward's counsel stated, as it had in earlier discussions, that Steward would not agree to the use of any federal discovery by Southcoast in the state action, Southcoast's counsel abruptly announced that it planned to serve initial disclosures and immediately begin discovery. Moreover, Southcoast's discovery requests in the federal case directly relate to its baseless allegations in the state case that Mr. Polanowicz "took steps to allow Steward St. Anne's to circumvent the Moratorium Circular to provide a cardiac catheterization service at St. Anne's." Opp., Ex. 1 at ¶ 35. Yet lacking evidence to establish standing in the state case, Southcoast is now scrambling to find it in federal discovery.[3]

## IV.   SOUTHCOAST IMPROPERLY SEEKS POTENTIALLY PRIVILEGED TESTIMONY FROM A FORMER STATE OFFICIAL.

Using Southcoast's document requests as indications of its deposition topics, Southcoast apparently intends to ask Mr. Polanowicz about "any decision by you to recuse yourself from discussions and decisions concerning the ACO Exception Circular" and DPH's decision whether or not "to promulgate the ACO Exception Circular pursuant to the Administrative Procedures Act and/or the reasons the ACO Exception Circular was not promulgated pursuant to the Administrative Procedures Act." Ex. E at #4-5. Such subjects, which concern Mr. Polanowicz's service as the former Secretary of EOHHS, are potentially subject to the assertion of privileges by EOHHS and DPH, including the attorney-client, work-product and deliberative process privileges. *See Maine v. U.S. Dep't of the Interior*, 124 F. Supp. 2d 728 (D. Me. 2001) (discussing all three privileges); *see also Stamps v. Framingham*, 38 F. Supp. 3d 134 (D. Mass. 2014) (applying work-product and deliberative process privileges in a wrongful death suit where the plaintiff subpoenaed the DA's office, as a third-party, for its investigative file). Thus, the

---

[3] If Southcoast now intends to ask Mr. Polanowicz about any alleged conflict-of-interest under M.G.L. c. 268A, in an effort to concoct an "additional theoretical basis for standing" in its frivolous state case, see Ex. A at 31, such discovery would be an entirely inappropriate fishing expedition, lack any good faith basis and serve only to harass Mr. Polanowicz. The standing issue in this antitrust case is whether Southcoast had standing when it sued Steward and DPH on October 16, 2015, not whether it can discover some post hoc justification for filing that "sham" lawsuit.

demand for testimony and documents from Mr. Polanowicz personally puts him in an untenable position.

Consider, for example, the deliberative process privilege, which "generally protects the ability of government agencies to make fully informed decisions, by barring discovery of materials that expose the internal process by which those decisions were made." *Starkey v. Birritteri*, No. 12-10988-RWZ, 2013 U.S. Dist. LEXIS 108828, at *4 (D. Mass. Aug. 2, 2013) (quoting *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150-52 (1975)). This privilege "serves to prevent 'injury to the quality of agency decisions,'" *Maine*, 124 F. Supp. 2d at 746 (quoting *Sears, Roebuck & Co.*, 421 U.S. at 151), "by ensuring circulation of 'uninhibited opinions and recommendations' within an agency, protecting against the premature disclosure of rules and policies, and preventing public confusion over the ultimate rationales for an agency's decision," *id.* (quoting *Providence J. Co. v. U.S. Dep't of the Army*, 981 F.2d 552, 557 (1st Cir. 1992)). Intra-agency communications about how to promulgate administrative guidance and who should participate in (or be recused from) issuing and applying that guidance in particular instances are precisely the type of materials at issue here, that the deliberate process privilege protects.

Any applicable privileges belong to EOHHS or DPH (and by extension the Commonwealth), and Mr. Polanowicz, as a private citizen, cannot waive any privilege and disclose protected information. *See CFTC v. Weintraub*, 471 U.S. 343, 349 & n.5 (1985) (holding former employee could not waive employer's corporate privilege); *cf. SEC v. Present*, No. 14-14692-LTS, 2015 U.S. Dist. LEXIS 170245, at *5 (D. Mass. Dec. 21, 2015) (citing *Ross v. City of Memphis*, 423 F.3d 596, 603 (6th Cir. 2005)). Southcoast's desire to get federal discovery, presumably for use in the state case against DPH and Steward, does not warrant running roughshod over the Commonwealth's privileges in the federal case. *See Starkey*, 2013 U.S. Dist. LEXIS 108828, at *5 (modifying subpoena to exclude government official's testimony about internal agency deliberations); *see also New York City Managerial Employees Ass'n v. Dinkins*, 807 F. Supp. 955, 957 (S.D.N.Y. 1992) (applying deliberative process privilege to deposition of city labor official); *Gomez v. Nashua*, 126 F.R.D. 432, 435 (D.N.H. 1989) (based

on deliberative process privilege, quashing deposition subpoena to government official). Absent some compelling showing of need in the federal case, Southcoast should not be permitted to depose Mr. Polanowicz, or seek other discovery from him, that would invade the deliberative processes of EOHHS or DPH.

## V.   THE REQUESTED DISCOVERY IS UNDULY BURDENSOME.

Fed. R. Civ. P. 26(c) grants Courts broad discretion to issue protective orders where, as here, discovery would impose an "undue burden." *Poliquin v. Garden Way*, 989 F.2d 527, 532 (1st Cir. 1993). Even more forcefully, Fed. R. Civ. P. 45(d)(3) requires a court, on timely motion, to quash a subpoena that "subjects a person to undue burden." *See also* Fed. R. Civ. 45(d)(1) (imposing on the party issuing the subpoena the obligation to "take reasonable steps to avoid imposing undue burden").

On this basis, overly broad deposition notices or subpoenas with short timeframes are often rejected as unduly burdensome. *See, e.g.*, *Nordica S.p.A. v. Icon Health & Fitness, Inc.*, No. 06-cv-451-PB, 2009 U.S. Dist. LEXIS 54374, at *4 (D.N.H. Apr. 10, 2009) (recognizing "very broad" deposition notice "could not possibly be responded to in three business days"). A protective order was issued, for example, in *Cooper v. Charter Communications, Inc.*, No. 3:12-cv-10530-MGM, 2016 U.S. Dist. LEXIS 3651, (D. Mass. Jan. 12, 2016), where it was apparent that the corporate defendant could not "produce a properly prepared corporate designee" for deposition on the date specified. *Id.* at *3; *see also, e.g.*, *Brown v. Hendler*, No. 09 Civ. 4486, 2011 U.S. Dist. LEXIS 9476, at *6 (S.D.N.Y. Jan. 31, 2011) (holding nine days was unreasonable period in which to comply with subpoena); *Mem'l Hospice, Inc. v. Norris*, No. 2:08-cv-048-B-A, 2008 U.S. Dist. LEXIS 92618, at *3 (N.D. Miss. Nov. 5, 2008) (holding eight days was unreasonable). Moreover, "a party cannot secure documents from an opposing party by serving a deposition subpoena *duces tecum* on an employee of the opposing party commanding production of the party's documents at the deposition unless the provisions of [Fed. R. Civ. P.] 34 are followed," including the 30-day period for responding. *Contardo v. Merrill Lynch, Pierce, Fenner & Smith*, 119 F.R.D. 622, 624 (D. Mass. 1988).

Here, without any prior discussion about scheduling, on February 18, 2016, Southcoast sent a notice to Steward for the deposition of Mr. Polanowicz on March 1, 2016. Then, on February 22, 2016, Southcoast served a subpoena for testimony and documents, again demanding that Mr. Polanowicz appear for a deposition on March 1, 2016 and also produce all paper and electronic documents in response to overbroad requests. For example, Southcoast has demanded that Mr. Polanowicz produce, in less than five business days "all documents concerning communications between [Mr. Polanowicz] and Steward regarding [his] potential employment by Steward," "all documents concerning communications between [Mr. Polanowicz] and Steward concerning the Moratorium Circular and/or the ACO Exception Circular," "all documents concerning whether to promulgate the ACO Exception Circular pursuant to the Administrative Procedure Act."[4] The demand that a senior executive of a major corporation appear on such exceedingly short notice to be deposed on complicated and sensitive topics and that he also search for, review and produce extensive documents is entirely unreasonable and unwarranted harassment, particularly in this case where discovery between the parties has not even started, Mr. Polanowicz has several pre-existing professional conflicts, and Steward has offered other available dates about one month later.

In addition, "[v]irtually every court that has addressed deposition notices directed at an official at the highest level or 'apex' of corporate management has observed that such discovery creates a tremendous potential for abuse or harassment." *Celerity, Inc. v. Ultra Clean Holding, Inc.*, No. 05-4374 MMC, 2007 U.S. Dist. LEXIS 8295, at *8 (N.D. Cal. Jan. 25, 2007); *see also Mulvey v. Chrysler Corp.*, 106 F.R.D. 364, 366 (D.R.I. 1985). For that reason, a party seeking to depose a senior officer of a corporate party cannot defeat a motion for a protective order with a mere showing that the officer possesses relevant information, if that information is available

---

[4] During a February 24, 2015 call, Southcoast's counsel stated the requests require Mr. Polanowicz to produce only documents in his possession (e.g., on a home computer), not in Steward's or an agency's possession. Nevertheless, given their overly broad scope, exceedingly short deadline, and the availability of discovery from other sources, the requests remain unduly burdensome.

through other, less burdensome means.  *See Celerity*, 2007 U.S. Dist. LEXIS 8295, at *14-15 (granting protective order where senior executives had no unique personal knowledge); *Gutescu v. Carey, Int'l, Inc.*, No. 01-4026-CIV, 2003 U.S. Dist. LEXIS 27502, at * 4-6 (S.D. Fla. June 23, 2003) (denying motion to compel deposition of senior executive where plaintiff could depose corporate party under Fed. R. Civ. P. 30(b)(6) to obtain discovery).

The particular concern about abusive discovery is warranted here, because Southcoast seeks testimony and documents from an Executive Vice President of Steward.  On an unreasonably expedited schedule, and with no proper justification, Southcoast seeks discovery from Mr. Polanowicz that it could also seek from Steward, as a party, or from EOHHS or DPH, through public records requests (which Southcoast is already pursuing) or discovery in the state case.  For example, Requests 1 and 2 seek communications between Mr. Polanowicz *and Steward*, and Southcoast has no reason to believe that Mr. Polanowicz has any unique, responsive information on those subjects.  To the contrary, any communication between Steward and Mr. Polanowicz would more like have been retained by the company than the individual.  Request 3 seeks documents sent to the Governor or State Ethics Commission, which are more likely to be available from public sources, by a public records request.

Given the risk of abuse, harassment and undue burden whenever a party seeks discovery directly from a senior executive of a corporate party, Southcoast should not be permitted to harass Mr. Polanowicz with unreasonable demands, absent some showing that it has been unable to obtain discovery through other, less burdensome means.  Notably, Southcoast has not even tried, in this case, to obtain the same information from Steward or any public sources.

## VI.   THE REQUESTED DISCOVERY IS ALSO PREMATURE BECAUSE SOUTHCOAST HAS NOT CONFERRED IN GOOD FAITH WITH STEWARD.

Fed. R. Civ. P. 26(d)(1) provides "[a] party may not seek discovery from any source before the parties have conferred as required by [Fed. R. Civ. P.] 26(f)."  Expedited discovery— before the parties have met and conferred in good faith—is only available if the requesting party

- 17 -

establishes good cause. *See* Fed. R. Civ. P. 26(b)(1); *Momenta Pharms., Inc. v. Teva Pharms. Indus.*, 765 F. Supp. 2d 87, 89-90 (D. Mass. 2011) (denying motion for expedited discovery).

Not surprisingly, cases in which one party unilaterally insists that a discovery conference has occurred pursuant to Fed. R. Civ. P. 26(f) are rare. *See, e.g.*, *Daniel v. Caesar*, No, 09-41 - FJP-SCR, 2009 U.S. Dist. LEXIS 25419, at *1-3 (M.D. La. Mar. 24, 2009) (allowing motion to quash deposition subpoena because, although counsel had conferred about discovery issues, no "bona fide Rule 26(f) conference ha[d] been held"). The notion of a non-consensual discovery conference is antithetical to the principle that parties should discuss in good faith "how discovery can be conducted most efficiently and economically." Fed. R. Civ. P. 26(f), Adv. Comm. Notes, 1993 amends. The point is not to check a procedural box so one party can bully ahead with discovery that another party considers premature, unduly burdensome and a waste of time and resources. Perhaps that is why the Advisory Committee noted that the amendments to Fed. R. Civ. P. 26(f) do "not signal any lessening of the importance of judicial supervision." *Id.*

Here, the record reflects that Steward and Southcoast have not actually met and conferred as required by Fed. R. Civ. P. 26(f) before discovery may begin. On February 9, 2016, Southcoast's counsel emailed Steward's counsel and inquired about availability for a "Rule 26(f) conference." Ex. B. Then, on February 10, 2016, counsel spoke by telephone. During that initial call, Steward's counsel explained to Southcoast's counsel that discovery was premature because Southcoast's motion to dismiss Steward's complaint was pending with the Court. Accordingly, Steward's counsel made clear to Southcoast's counsel that the call did not constitute a "Rule 26(f) conference." In fact, shortly after the initial call, on February 11, 2016, Steward's counsel emailed Southcoast's counsel and reiterated that "we do not consider our discussion yesterday to have been our 26(f) conference." Ex. C. Rather than contest that understanding, Southcoast's counsel simply responded, "[t]hanks." *Id.*

On February 12, 2016, Southcoast's counsel sent a draft discovery plan to Steward's counsel with the caveat that Southcoast had not "had the opportunity to review" the proposal. Ex. G. Before the next call, and in the interest of having a productive discussion, Steward's

- 18 -

counsel provided comments "[w]ithout prejudice to Steward's rights to oppose any discovery while Southcoast's motion to dismiss is pending." *Id.* In those comments, and in response to Southcoast's assertion that, pursuant to Fed. R. Civ. P. 26(f), "the parties met and conferred by telephone on February 11, 2016," Steward's counsel again stated: "As we discussed, given our disagreement about whether discovery should start now while Southcoast's motion to dismiss is pending, *we do not consider our call on February 11, 2016 to have been the Rule 26(f) conference*." Ex. F (emphasis added). Steward's counsel also repeatedly noted "the general disagreement about whether discovery should start now." *Id.*

On February 18, 2016, counsel spoke again by telephone. During that call, Southcoast's counsel insisted that the initial call on February 10, 2016, already fulfilled the parties' requirements under Fed. R. Civ. P. 26(f), notwithstanding the fundamental disagreement about whether discovery should even start while Southcoast's motion to dismiss was pending and the parties were unable to agree on critical parts of Southcoast's proposed discovery plan.[5] Southcoast has since acknowledged, however, that Steward has "taken the position" that the parties "did not have a Rule 26(f) conference." Ex. D.

If any additional evidence were needed to establish that the required discovery conference has not yet occurred, the Court need only consider the fact, which Southcoast cannot dispute, that counsel for the parties have never discussed many of the issues that Fed. R. Civ. P 26(f)(2) expressly includes on the required agenda for such a conference, including "the nature and basis of their . . . defenses" (Southcoast has not stated any defense, much less disclosed its basis); "the possibilities for promptly settling or resolving the case" (the parties have never

---

[5] Southcoast's assertion was particularly surprising because, between the two calls, Southcoast reversed its position on critical issues. Most notably, on the February 10, 2016 call, Steward's counsel insisted, and Southcoast's counsel agreed, that discovery in the federal case could *not* be used for litigation in the state case (except to impeach the trial testimony of a witness at trial with contrary deposition testimony). But, one week later, on the February 18, 2016 call, Southcoast's counsel did an about-face, insisting Southcoast would not waive any right to use federal discovery in the state litigation. Given that Steward contends the state action is a sham that violates the antitrust laws, it was—and remains—critical that Southcoast not be permitted to use the federal case as a stalking horse for its state case.

discussed settlement); nor have the parties developed a proposed discovery plan (Southcoast has neither responded to comments from Steward on the joint plan nor submitted a unilateral plan).

In any event, no meaningful Rule 26(f) conference could have taken place in this case.   It would be impracticable, if not impossible, to fashion a joint discovery plan because Southcoast has not yet indicated whether it will dispute core allegations by Steward, such as the market definitions for cardiac catheterization in Southeastern Massachusetts, *see* Compl. ¶¶ 48-61, and the defamatory quality of the alleged statements about Steward, *see id.* ¶¶ 76-102.   Because Southcoast has not answered, admitting or denying these allegations, or asserted any defenses, the scope of discovery remains entirely unclear: how long it may take, whether modifications to the local rules may be appropriate, whether experts will be required, and if so, on what subjects. Such discussions, which are the *raison d'etre* for the discovery conference, Fed. R. Civ. P. 26(f)(3)(A)-(F), have not occurred, as Steward pointed out in its comments on Southcoast's discovery proposal.  Ex. F.  And Southcoast has made no effort to clarify or narrow these issues or respond to Steward's questions about its allegations and Southcoast's potential defenses.

## CONCLUSION

For the foregoing reasons, Steward respectfully requests that the Court:

(1) (a) stay discovery pending resolution of Southcoast's motion to dismiss (DE #7); and (b) order that, following the resolution of that dispositive motion (and if the Court denies the motion, the filing and service of Southcoast's answer), the parties appear for a pretrial conference pursuant to Fed. R. Civ. P. 16(f) or meet-and-confer pursuant to Fed. R. Civ. P. 26(f) to negotiate in good faith a reasonable discovery schedule, and/or

(2) issue a protective order to enjoin Southcoast from deposing John Polanowicz on Tuesday, March 1, 2016, either pursuant to the notice of deposition sent on February 18, 2016, or the subpoena served on February 22, 2016.

- 20 -

Respectfully submitted,

STEWARD HEALTH CARE SYSTEM LLC

By its attorneys,

*/s/ Daniel N. Marx*
Daniel N. Marx (BBO#674523)
Kevin C. Conroy (BBO#644894)
Jeremy W. Meisinger (BBO#688283)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02210
Tel: (617) 832-1000
Fax: (617) 832-7000
dmarx@foleyhoag.com

Dated: February 26, 2016

## CERTIFICATE OF SERVICE

I, Jeremy W. Meisinger, certify that on this 26th day of February, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.

*/s/* Jeremy W. Meisinger
Jeremy W. Meisinger
*Counsel for Steward Health Care System LLC*

- 21 -

B4518945.1