EXHIBIT A

```
                                           VOLUME:  I
                                           PAGES:   1-64
                                           EXHIBITS: None

                   COMMONWEALTH OF MASSACHUSETTS

   SUFFOLK, SS.                     SUPERIOR COURT DEPARTMENT
                                       OF THE TRIAL COURT

   * * * * * * * * * * * *
                         *
   SOUTHCOAST HOSPITALS  *
   GROUP, INC.           *
                         *          Docket No.
   v.                    *          1584CV03139
                         *
   MASSACHUSETTS DEPT. OF *
   PUBLIC HEALTH, ET AL. *
                         *
   * * * * * * * * * * * *
```

TRANSCRIPT OF HEARING
BEFORE THE HONORABLE DOUGLAS WILKINS

Boston, Massachusetts
Courtroom 314
January 29, 2016

Proceedings recorded by court personnel
Transcript prepared by
Michelle Costantino, Approved Court Transcriber

Case 1:15-cv-14188-MLW   Document 11-1   Filed 02/26/16   Page 3 of 15


1-2

APPEARANCES:

For Southcoast Hospitals Group, Inc.:

Thomas Bean, Esq.
Jeffrey L. Heidt, Esq.
VERRILL DANA, LLP
One Boston Place, Suite 1600
Boston, MA  02108


For Massachusetts Department of Public Health:

Daniel J. Hammond, Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
One Ashburton Place, Room 2019
Boston, MA  02108


For Steward Health Care System, LLC:

Bruce A. Singal, Esq.
Elizabeth J. McEvoy, Esq.
DONOGHUE, BARRETT & SINGAL, P.C.
One Beacon Street
Boston, MA  02108

1-25

1   And your argument is I shouldn't substitute my judgment
2   for DPH is the kind of thing that I would ordinarily look at
3   the record and I would say, well, did DPH have a reasonable
4   ground to come to the conclusion they did.
5        MR. SINGAL:  Right.  Well, I think that your comment
6   suggests to me that I have not properly articulated the
7   argument on Count II, because it really is essentially an
8   argument that the Count II fails to state a claim against
9   Steward because there is no private right of action.  There
10  is no legal theory that -- the legal theory that they assert
11  is not one that states a claim or gives them a legally
12  cognizable claim based on the four corners of the complaint.
13       THE COURT:  That's the cousin of standing argument,
14  which I understand.
15       MR. SINGAL:  Okay.  And so that's our position, Your
16  Honor.
17       THE COURT:  Thank you very much.
18       Mr. Hammond, do you wish to be heard?
19       MR. HAMMOND:  Your Honor, I'm obviously in an awkward
20  position here today because the Department answered the
21  complaint.  We don't have a motion to dismiss pending.
22       THE COURT:  Mm-hmm.
23       MR. HAMMOND:  That being said, we did raise many of the
24  same arguments that Steward is making today in our
25  opposition to the preliminary injunction motion --

1-26

1      THE COURT:  Mm-hmm.

2      MR. HAMMOND:  -- and has affirmative defenses in our

3  answer.

4      So, I guess I would suggest there's not much

5  substantiative daylight between our position and Stewards',

6  but there is obviously procedural daylight in the sense that

7  they have moved for relief and we have not.

8      THE COURT:  Sure.  So, as you look at the case, if I

9  denied the motion to dismiss, would your next step be to

10  file an administrative record or do you think that's not

11  this kind of case?

12      MR. HAMMOND:  I don't believe it's this kind of case,

13  Your Honor.

14      THE COURT:  Okay.

15      MR. HAMMOND:  In fact, we filed a substantiative

16  paragraph-by-paragraph answer.

17      THE COURT:  Mm-hmm.

18      MR. SINGAL:  I think in answer to your last couple of

19  questions to Mr. Singal, I think this isn't pleaded as a

20  review of an administrative action complaint because it

21  can't be.

22      THE COURT:  Right.

23      MR. HAMMOND:  And I would suggest Southcoast would not

24  have standing to bring a 30A or certiorari-type complaint

25  here because they were not a party to the licensing process

1  below, which is why they pleaded this as a declaratory
2  judgment count.  They're seeking a ruling as a matter of law
3  that the agency cannot proceed this way.  It cannot propound
4  the rules that it propounded in the circular by anything
5  short of a regulation.  Or that even if the circular is
6  valid, that somehow Steward was not entitled to benefit from
7  it.
8      It's kind of an oblique way of getting at the same
9  arguments one would make if one could bring an
10 administrative action review case.  But because this is
11 pleaded as it must be as a declaratory judgment, there's
12 really no record to file.  All we can really proceed forward
13 on is the facts that Southcoast alleges and any subsequent
14 facts that come out in discovery, if we get that far.
15     I would suggest looking through the lens the other way.
16 Again, the Department has no motion pending here today.  If
17 the Court were to allow the motion to dismiss, I think it
18 would depend on the ground on which the Court dismissed what
19 impact, if any, that would have on the Department.
20     I would certainly suggest if the Court found a lack of
21 standing here, I think that's a binary question.  Either
22 Southcoast had standing to bring this complaint or it
23 didn't.
24     So, I think the Department would certainly be a
25 third-party beneficiary of a dismissal for want of standing

1    and I think claims against the Department would have to fall
2    then as well.
3         If the Court were to dismiss on a failure to state a
4    claim, then we have to look more specifically at the ground
5    that the Court found and whether those apply to the counts
6    against the Department as well.
7         But again, we have no motion pending here today, so I
8    think I should probably limit myself accordingly.
9         THE COURT:  Very good.
10        Southcoast?  Mr. Bean.
11        MR. BEAN:  Thank you, Your Honor.  I'd like to sort of
12   -- the procedural circumstances have changed since we filed
13   our complaint.  As Mr. Singal indicated, we were served with
14   his reply this morning.  I haven't had the chance to read
15   it.
16        But circumstances have changed procedurally since we
17   filed this action last October.  And that's because a week
18   or two ago the DPH did grant the authorization to transfer a
19   license.  And I'm going to get into that.  Because this is
20   not applying for a cardiac cath license at all.  The ACO
21   Exception Circular at issue in this case is extraordinary,
22   as we'll hear.  It talks about the transfer of an existing
23   service license, and there was -- first of all, the statute
24   does not allow the transfer of a license.  There is no such
25   thing as a service license.  And the license at issue here

1    expired more than a year before -- it was surrendered and
2    expired before it was purportedly transferred from Quincy
3    Medical Center to St. Anne's.
4         But I'd like to get where we are procedurally.  We
5    filed this motion -- the complaint last October and we've
6    been seeking to take discovery, working with the Attorney
7    General's office.  We've been stymied by Steward, by its
8    filing a nonresponsive response to our request for
9    documents.
10        We believe that -- we were planning to amend our
11   complaint right before the hearing on the motion to dismiss.
12   We got a call from your clerk yesterday to come in today if
13   possible.  We believe that discovery would shed light and
14   allow us to file an amended complaint that would address
15   several of the issues here.
16        One issue we obviously have to address is the change in
17   circumstance because now there is a license that's been
18   issued by DPH or the authorization to transfer a license.
19        We also believe that the discovery would also shed
20   light on the standing issue.  And as I said, we've been
21   working with the state to get discovery from the state, and
22   there's a deposition that we've been talking about.
23        THE COURT:  So, explain that a little bit to me,
24   because I would have thought standing depended upon your
25   role in the industry and the statutory scheme.

1    MR. BEAN:  There are several theories under which we
2    can have standing, and that's one of them, Your Honor.
3    There's another one that was -- this is a lot like the
4    Everett Taxi case, unfortunately.  And I don't know whether
5    Your Honor had a chance to read the complaint, and I really
6    don't want to get into too much detail, but Your Honor asked
7    the question.
8         The secretary at EOHHS at the time this circular came
9    about -- and this circular benefits Steward, Steward and
10   Steward.  Mr. Singal said a small class of hospitals.  He's
11   right.  It's Steward.
12        It's referred to as "accountable care organizations,"
13   but this was designed for the benefit of Steward.  And if
14   you look at some of the exhibits to the complaint, you'll
15   see comments from DPH employees are saying this is for
16   Steward, and how would this affect these other hospital
17   groups?
18        At the time he will be -- before he was secretary of
19   HHS, John Polanowicz was a Steward employee.  After he left
20   HHS, he became a Steward employee again.  We believe that
21   Mr. Polanowicz had an offer of employment or in discussions
22   with Steward before this circular was issued, and we have
23   concerns and we're seeking to do discovery that would make
24   this case under a separate theory of standing under 268A.
25        And we have been stymied in our efforts to do that with

1    respect to Steward.  The state has been cooperating,
2    although it's taking longer than we'd like.
3         So, we think -- we think we have standing based on the
4    economic harm solely; but there's this additional theory out
5    there on which we would like to take discovery, which
6    provides an additional theoretical basis for standing.
7         THE COURT:  All right.  But I mean you can't file a
8    lawsuit to get discovery to prove that you have the right
9    to --
10        MR. BEAN:  No.
11        THE COURT:  -- a file lawsuit, so --
12        MR. BEAN:  Exactly right, Your Honor.  And that's not
13   our goal.  Allegations under 268 are very serious.
14        THE COURT:  Mm-hmm.
15        MR. BEAN:  And we had -- we had stuff, we had material.
16   We didn't want to go out and file it in the first instance,
17   because it was so serious.  So, we thought -- we think we
18   have standing under the economic harm, and I'll walk through
19   that in a minute.  But I wanted to let the Court know --
20        THE COURT:  Mm-hmm.
21        MR. BEAN:  -- that there's additional.
22        Now, let me start with _Indeck_, because that is the key
23   to the case.  And I want to hand up to the Court, if I may,
24   I've highlighted in the lower right Justice Cordy's
25   conclusion.

1-51

1    Procedures Act?  That's the actual controversy under the
2    declaratory judgment section.
3         MR. HEIDT:  Exception.
4         MR. BEAN:  What did I say?
5         MR. HEIDT:  Moratorium.
6         MR. BEAN:  I misspoke.  I meant the ACO Exception
7    Circular, the one I handed up.
8         And in terms of Count II, yes, the context, the
9    procedural context has changed, and I haven't had a chance
10   to consider how we would amend the complaint in light of
11   that.  But this is something that happened a week ago.  As I
12   said, I hadn't expected to be here before Your Honor as
13   quickly as we are.
14        THE COURT:  And I didn't realize that we were in this
15   procedural limbo here.  I suppose one thing is if you want
16   to amend the complaint, might save everybody some time if
17   you do it before I devote the time to ruling on it, and then
18   we can see whether Mr. Singal and Mr. Hammond think the
19   issues are still the same.
20        MR. BEAN:  I think that's an excellent idea.  In the
21   interim, however, Your Honor, we'd also like to be taking
22   discovery.  And so I think -- and I think what happened here
23   in terms of --
24        THE COURT:  Well, let me just interrupt.  I understand
25   that, but -- will the amended complaint affect standing at

1-52

1     all?
2         MR. BEAN: Yes.
3         THE COURT: Because it's going to have the 268A issue
4     in it?
5         MR. BEAN: Assuming the facts pan out, yes. And this
6     is Everett Taxi all over again.
7         THE COURT: It's Everett Taxi under 268A or it's
8     Everett Taxi under -- because you've already argued it
9     straight up under the regulatory scheme.
10        MR. BEAN: It's also under 268A, in addition to the
11    regulatory scheme.
12        THE COURT: Because I mean 268A standing -- I won't say
13    it's been cut back, but it's been recognized to be narrow,
14    recently. But you still think you can meet it, huh?
15        MR. BEAN: Yes, Your Honor. Assuming the facts pan
16    out. As I said, we don't make allegations under 268A
17    lightly.
18        THE COURT: But I mean I guess I have serious concern
19    about whether I should let you continue with a lawsuit in
20    hopes that you come up with a theory of standing. So I have
21    to think about that.
22        MR. BEAN: Well, as I said, if we had not been stymied
23    in terms of discovery, we would have -- and if we had --
24        THE COURT: Right, but you don't have right to
25    discovery unless you have standing, so you each disagree

1-53

1   about that issue.  So, I can -- I don't want to say -- I
2   mean, I understand that you're frustrated, but I can
3   understand why -- why your opponents took the position that
4   they did.
5           I mean, you need standing from Steward.
6           MR. BEAN:  I'm sorry?
7           THE COURT:  I'm sorry.  You need discovery from
8   Steward?
9           MR. BEAN:  I need discovery from the state and from a
10  former employee --
11          THE COURT:  But the state's --
12          MR. BEAN:  -- of DPH and from Steward, yes.
13          THE COURT:  All right.  The state's giving you what you
14  need, but you don't think that's going to be enough.  Huh?
15          MR. BEAN:  I don't know.  I haven't received it yet.
16  One of the things we have been led to believe already,
17  Steward has said publicly that Mr. Polanowicz recused
18  himself from decisions involving the ACO Exception Circular,
19  and that he notified the governor of job negotiations with
20  Steward.
21          Mr. Hammond has informed me -- and you can correct me,
22  Mr. Hammond, that they found no evidence of a letter to the
23  governor advising him of the negotiations.  There was no
24  notification --
25          THE COURT:  Would it be to the governor?  What was his



The Commonwealth of Massachusetts
OFFICE OF COURT MANAGEMENT, Transcription Services

## AUDIO ASSESSMENT FORM

*For court transcribers:* Complete this assessment form for each volume of transcript produced, and include it at the back of every original and copy transcript with the certificate page, word index, and CD PDF transcript.

**TODAY'S DATE:** 02/24/16        **TRANSCRIBER NAME:** Michelle Costantino

**CASE NAME:** Southcoast Hospitals v. Mass. DPH, et al.

**DOCKET NO**: 1584CV03139        **RECORDING DATE:** 01/29/16

**TYPE:** <u>CD</u>  TAPE            **QUALITY:**   EXCELLENT   <u>GOOD</u>   FAIR   POOR

**ISSUES** *(include time stamp):*

background noise

low audio

low audio at sidebar

**X** simultaneous speech

speaking away from microphone

**COMMENTS:**

64

C E R T I F I C A T I O N

I, Michelle Costantino, an Approved Court Transcriber, do hereby certify that the foregoing is a true and accurate transcript from the audio recording provided to me of the Suffolk Superior Court proceedings in the above-entitled matter.

I further certify that the foregoing is in compliance with the Administrative Office of the Trial Court Directive on Transcript Format.

I further certify that I neither am counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken, and further that I am not financially nor otherwise interested in the outcome of the action.

*Michelle Costantino*

Michelle Costantino

February 24, 2016

(508)759-6092

netranscripts@gmail.com