EXHIBIT F

DRAFT 2/12/16

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEWARD HEALTH CARE SYSTEM LLC,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHCOAST HEALTH SYSTEM, INC.,<br><br>Defendant. | CIVIL ACTION NO. 1:15-cv-14188 |

**JOINT RULE 26(f) DISCOVERY PLAN, SUBJECT TO MODIFICATION BASED ON THE COURT'S DISPOSITION OF SOUTHCOAST'S MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26.1, Plaintiff Steward Health Care System, LLC ("Steward") and Defendant Southcoast Health System, Inc. ("Southcoast") submit this Joint Rule 26(f) Discovery Plan. Steward and Southcoast note that Southcoast's Motion to Dismiss Steward's Complaint (Dkt. No. 7, the "Motion") is pending before the Court. ~~While the parties have developed this Joint Discovery Plan because of their desire to move this case forward, they~~ The Parties reserve the right to modify this Discovery Plan based on the Court's disposition of that (or any subsequent dispositive) Motion.

**DATE/PLACE OF CONFERENCE:**

Pursuant to Fed. R. Civ. P. 26(f), counsel for the parties met and conferred by telephone on February 11, 2016.

> **Comment [A1]:** As we discussed, given our disagreement about whether discovery should start now while Southcoast's motion to dismiss is pending, we do not consider our call on February 11, 2016 to have been the Rule 26(f) conference.

**COUNSEL PRESENT:**

Daniel N. Marx and Jeremy W. Me~~isse~~inger represented Steward, and Thomas O. Bean and John W. Van Lonkhuyzen represented Southcoast at the conference on February 11, 2016.

> **Comment [A2]:** Same comment as above.

B4514260.1

DRAFT 2/12/16

**THE PARTIES' TENTATIVE DISCOVERY PLAN:**

    A.    **Rule 26(f)(3)(A)** – Subject to the Court's disposition of the Motion, the parties do not believe there need to be any changes in the timing, form, or requirement for disclosures under Rule 26(a). The parties will serve their initial disclosures on or before the date 14 days after the Court disposes of the Motion.

> **Comment [A3]:** We cannot agree to this statement, at this time, because we do not yet know what issues Southcoast will dispute and what issues the Court may resolve when it rules on the pending motion.

> **Comment [A4]:** This provision is unclear because it seems inconsistent with the prior sentence and with your general proposal that discovery start now, presumably with initial disclosures.

    B.    **Rule 26(f)(3)(B)** –

    1.    Subject to the Court's disposition of the Motion and defenses that may be asserted in Southcoast's Answer if the Court does not grant the Motion, the parties have identified the following subjects for fact discovery:

        a.    The merits of and motivation for Southcoast's state court lawsuit.

        b.    Steward's anti-trust and defamation claims.

        c.    Steward's responses to Southcoast's allegedly defamatory statements, and its ability and opportunity to respond to such statements.

        d.    Steward's business relationships with which it claims Southcoast has tortiously interfered.

        e.    Steward's antitrust, defamation, and tortious interference damages, if any.

> **Comment [A5]:** As we explained on our recent call, Steward cannot identify the subjects for fact discovery because we do not yet know what facts/elements Southcoast will dispute (e.g., product and geographic markets) and what defenses Southcoast may assert.

> **Comment [A6]:** Item B(1)(b) is quite broad as written, and it would seem to include, for example, items B(1)(a) and (c).

> **Comment [A7]:** As we also explained on our recent call, item B(1)(c) is not relevant, as a legal matter. The de minimis presumption applies only in cases of commercial disparagement, not defamation. Presumably, the Court will resolve this legal issue when it rules on the pending motion.

    2.    Subject to the Court's disposition of the Motion and defenses that may be asserted in Southcoast's Answer if the Court does not grant the Motion, the parties agree that fact discovery should be completed by November 30, 2016. Under this deadline, all requests for written discovery, other than requests for admissions under Rule 36, must be served on or before October 31, 2016.

> **Comment [A8]:** Due to the general disagreement about whether discovery should start now, we cannot agree to set these deadlines, without knowing when the court will rule on the pending motion to dismiss or when Southcoast will answer and assert any defenses. Without more information, we cannot reasonably predict how much discovery Steward may need or how long it may take.

> **Comment [A9]:** Same comment as above.

> **Field Code Changed**

DRAFT 2/12/16

    3.    The parties agree that Steward may not conduct discovery on Southcoast's motivation for bringing the state court action unless and until the Court determines that the state court action is a "sham."  The parties agree that that the above fact discovery deadline will need to be extended to address this issue if and when the Court makes the above-referenced determination.

> **Comment [A10]:** We cannot agree that, even if discovery starts now, it should be sequenced or limited in this way.  Further, the draft does not make clear (in this sentence or the next one) how or when the Court would make the relevant "determination" about whether Southcoast's state action is "objectively baseless."
>
> **Comment [A11]:** This reference should probably read "objectively baseless."

    **C.**    **Electronic Information Disclosures**

The parties propose that all documents, except for Microsoft Excel, Project and Access (or similar spreadsheet, project management and database) files, shall be produced as black and white, Bates-stamped single-page TIFF images with accompanying document-level extracted text for electronically stored information ("ESI") or optical character recognition ("OCR") for scanned hard copy.

The parties further propose that all Microsoft Excel, Project, and Access (or similar spreadsheet, project management and database)  files shall be produced in their native formats.  If native files are included in a production, a Bates-stamped TIFF placeholder page rather than a full TIFF image should be provided; however, a TIFF image must be provided for every document.

Electronic documents are to be produced on CDs, DVDs, thumb drives, or hard drives in searchable imaged files (PDFs) with load files in mutually agreeable formats compatible with the receiving party's system.

    **D.**    **Stipulation Regarding Claims of Privilege/Protection of Trial Preparation Materials (Fed. R. Civ. P. 26(F):**

The parties propose that discovery shall proceed in accordance with a separately filed Proposed Protective Order, to be jointly submitted to the Court.  The protective order shall include a claw-back provision for inadvertently produced privileged information; it shall also

> **Field Code Changed**

3

B4514260.1

DRAFT 2/12/16

include a prohibition on using discovery materials for any purpose other than in this federal litigation; provided, however, that notwithstanding the foregoing, such discovery materials may be used in state court litigation involving the parties to the extent permitted by applicable law.

> **Comment [A12]:** This qualification is unclear, because "to the extent permitted by applicable law" is vague and likely subject to dispute between the parties. If the phrase is intended to mean, as you stated on our recent call, for impeachment of witnesses at trial, then it should say that. If the phrase is intended to permit any broader use, however, we object.

     **E.**    **Rule 26(f)(3)(E)** – Subject to the Court's disposition of the Motion, the parties do not believe there need to be any changes made in the limitations on discovery imposed under these rules or by local rule.

> **Comment [A13]:** Again, we are not able to agree to this statement, because we do not yet know what issues Southcoast will dispute and what issues the Court may resolve.

     **F.**    **Rule 26(f)(3)(F)** – Plaintiff will designate any experts on or before the December 31, 2016.

> **Comment [A14]:** Same comment as above regarding deadlines. Further, as we discussed, it is not yet clear how many experts the parties may need, and on what subjects, because Southcoast has not indicated what issues it will dispute.

Defendant will designate any expert on or before January 31, 2017.

> **Comment [A15]:** Same comment as above.

Should the deadline for completion of fact discovery in paragraph B(2) be changed, experts will be designated by plaintiff and defendant, respectively, one and two months after the conclusion of fact discovery.

> **Field Code Changed**

DRAFT 2/12/16

| STEWARD HEALTHCARE SYSTEM, LLC | SOUTHCOAST HEALTH SYSTEM, INC. |
|---|---|
| By its attorneys | By its attorneys, |
| /s/ Daniel Marx<br>Daniel N. Marx (BBO#674523)<br>Kevin C. Conroy (BBO#644894)<br>Jeremy W. Meisinger (BBO#688283)<br>FOLEY HOAG LLP<br>155 Seaport Boulevard<br>Boston, MA 02210<br>Tel: (617) 832-1000<br>Fax: (617) 832-7000<br>dmarx@foleyhoag.com | /s/ Thomas O. Bean<br>Thomas O. Bean, BBO No. 548072<br>John W. VanLonkhuyzen, BBO No. 545278<br>Rachel Wertheimer, BBO No. 625039<br>Jeffrey L. Heidt, BBO No. 228960<br>VERRILL DANA, LLP<br>One Boston Place, Suite 1600<br>Boston, Massachusetts  02108<br>(617) 309-2600<br>tbean@verrilldana.com<br>jvanlonkhuyzen@verrilldana.com<br>rwertheimer@verrilldana.com<br>jheidt@verrilldana.com |

Dated:  February ___ 2016

**Field Code Changed**

5

B4514260.1

DRAFT 2/12/16

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to all counsel of record in this case.

Dated:  February ___ 2016          /s/ Thomas O. Bean_____
                                   Thomas O. Bean

B4514260.1