UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

STEWARD HEALTH CARE SYSTEM LLC,

        Plaintiff,

v.

SOUTHCOAST HEALTH SYSTEM, INC.,

        Defendant.

CIVIL ACTION NO. 1:15-cv-14188

**DEFENDANT SOUTHCOAST HEALTH SYSTEM, INC.'S
STATUS REPORT**

In response to the Court's June 3, 2016 Order, Defendant Southcoast Health System, Inc. ("Southcoast"), respectfully submits this status report addressing: (1) the progress of the related state action; (2) the status of the Massachusetts Department of Public Health's approval of Steward's request to provide cardiac catheterization services at St. Anne's Hospital in Fall River; and (3) other information relevant to either the motion to stay or the motion to dismiss.

Background

       1.       On October 15, 2015, Southcoast filed a complaint in Suffolk County Superior Court (the "State Court Complaint" or "State Court Action") against the Massachusetts Department of Public Health ("DPH"), Monica Bharel, M.D., in her capacity as DPH's Commissioner (together  the "State Defendants"), Steward St. Anne's Hospital Corp. and Steward Health Care System, LLC (together "Steward").

       2.       The State Court Complaint arose out of DPH's issuance of a circular letter in July 2014 (the "ACO Exception Circular") and Steward's application pursuant thereto to open a

1

cardiac catheterization service at its St. Anne's Hospital in Fall River, Massachusetts, two miles from a cardiac catheterization center operated by Southcoast at St. Luke's Hospital.

3. Before issuance of the ACO Exception Circular, DPH had maintained since 2008 a statewide moratorium on the opening of any new cardiac catheterization services to be located within 30 minutes' travel time of any hospital that performs primary angioplasty 24 hours a day, seven days a week. The exception to this moratorium created by the ACO Exception Circular benefited only Accountable Care Organizations ("ACO"). It permitted ACOs to transfer an "existing license" for cardiac catheterization services from a hospital in the ACO that had an underperforming cardiac catheterization service to another hospital in the ACO service and would certify that it could meet minimum volume requirements. Steward was one of at most two such ACOs that could benefit from the exception created by the circular.

4. Southcoast obtained documents from DPH pursuant to a public records request, and spoke with a former employee of DPH who had first-hand knowledge of and participated in the drafting and promulgation of the ACO Exception Circular. Thereafter, Southcoast filed its State Court Complaint.

5. The two-count complaint alleged that:

   A. DPH adopted the ACO Exception Circular in violation of the Massachusetts Administrative Procedures Act; and

   B. Even if the ACO Exception Circular did not violate the APA, Steward did not qualify under its terms to receive a license to operate a cardiac catheterization center at its St. Anne's Hospital because it relinquished the license to operate the cardiac catheterization service it was purporting to transfer from its Quincy Medical Center and, as such, did not hold an "existing" license to transfer.

6.      The State Defendants filed an Answer to the State Court Complaint. Steward, however, moved to dismiss, arguing that: (a) Southcoast lacked standing to bring the action; and (b) the State Court Complaint failed to state claims upon which relief could be granted.

DPH Issues Steward a License

7.      In mid-January 2016, DPH issued a license under the ACO Exception Circular to Steward's St. Anne's Hospital to operate a cardiac catheterization facility.

8.      After obtaining the license, Steward began operating a cardiac catheterization center at St. Anne's which, as noted above, is approximately two miles from Southcoast's St. Luke's Hospital.

Developments and Discovery in the State Court Case

9.      On March 14, 2016, the Superior Court issued a Memorandum of Decision on Steward's Motion to Dismiss. In that Memorandum, the Court ruled that:

    A.      Southcoast did have standing to bring its action against DPH and Steward.

    B.      Count I of Southcoast's complaint, in which Southcoast sought a declaration that DPH's adoption of the ACO Exception Circular violated the Administrative Procedures Act, failed to state a claim upon which relief may be granted.

    C.      Count II, in which Southcoast sought a declaration that even if the ACO Exception Circular had been validly issued, Steward did not qualify under its terms for a license, was moot because DPH had granted Steward a license to operate the cardiac catheterization lab.

    D.      Southcoast could amend its State Court Complaint.

10.      Since entry of Memorandum of Decision, Southcoast has taken discovery in the State Court Action as follows:

       A.      Southcoast subpoenaed and obtained documents from the Massachusetts Executive Office of Health and Human Services. Documents produced by HHS support the allegations Southcoast advanced in its State Court complaint.

       B.      Southcoast requested production of documents in November 2015 from the State Defendants. Although the State Defendants have reportedly been working in response to that request, Southcoast has not received any electronic or hard-copy documents from the State Defendants responsive to that request, thus delaying discovery in the State Court Action. The State Defendants have, however, produced two of three audiotapes Southcoast requested. The State Defendants claim they cannot find the third audiotape. The State Defendants have advised Southcoast that it will be producing documents in the next week to ten days.

       C.      Southcoast has taken one day of the deposition of Ms. Deborah Allwes, who had issued the ACO Exception Circular when she served as Director of DPH's Bureau of Health Care Safety and Policy. Ms. Allwes' testimony has, thus far, supported the allegations Southcoast made in its State Court Complaint. In anticipation of finally receiving documents from the State Defendants in the near future, Ms. Allwes' deposition is scheduled to continue on June 30, 2016.

       D.      Again, in anticipation of finally receiving documents from the State Defendants in the near future, Southcoast has noticed the deposition of Eileen Sullivan, former Acting DPH Commissioner, for June 29, 2016.

11.     Southcoast and the State Defendants have agreed that Southcoast will file its Amended Complaint in the State Court Action in July 2016, subject to DPH's having produced documents responsive to Southcoast's document request and subject to the above-referenced depositions having been taken as scheduled. If those events occur, Southcoast intends to file its

Amended Complaint *before* the July 27, 2016, hearing on Southcoast's motion to dismiss this action.

12. Southcoast will provide a further status update to the Court before the July 27, 2016 hearing; it will provide a copy of the Amended Complaint to the Court once it has filed that complaint.

        SOUTHCOAST HEALTH SYSTEM, INC.

        By its attorneys,

Dated: June 10, 2016        /s/ Thomas O. Bean
        Thomas O. Bean, BBO No. 548072
        John W. VanLonkhuyzen, BBO No. 545278
        Rachel Wertheimer, BBO No. 625039
        Jeffrey L. Heidt, BBO No. 228960
        VERRILL DANA, LLP
        One Boston Place, Suite 1600
        Boston, Massachusetts  02108
        (617) 309-2600
        tbean@verrilldana.com
        jvanlonkhuyzen@verrilldana.com
        rwertheimer @verrilldana.com
        jheidt@verrilldana.com

## CERTIFICATE OF SERVICE

    I, Thomas O. Bean, hereby certify that on June 10, 2016, I filed the foregoing using the Court's ECF system, thereby serving all counsel of record.

        /s/ Thomas O. Bean
        Thomas O. Bean

9379434